TAYLOR, Appellee,

v.

HAVEN, Appellant.

[Cite as *Taylor v. Haven* (1993), 91 Ohio App.3d 846.]

Court of Appeals of Ohio,
Butler County.

No. CA93-04-060.

Decided Dec. 6, 1993.

*John F. Holcomb,* Butler County Prosecuting Attorney, and *Angela G. McCracken,* Assistant Prosecuting Attorney, for appellee.

*John A. Garretson,* for appellant.

WILLIAM W. YOUNG, Judge.

Defendant-appellant, Reuben Haven, appeals an order of the Butler County Court of Common Pleas, Juvenile Division, denying his motion for relief from a previous judgment of paternity. We remand this case to the trial court for reconsideration.

Haven raises the following assignment of error:

"The trial court erred to the prejudice of the defendant/appellant in overruling defendant/appellant's motion for relief from judgment under Rule 60(B)(5) of the Ohio Rules of Civil Procedure."

In August 1981, plaintiff-appellee, Patricia Retherford Taylor, filed a paternity action against Haven alleging he was the father of her minor child, Justin Retherford, born on March 14, 1980. On August 3, 1981, based on Taylor's assertion, Haven, appearing without counsel, admitted paternity.

On April 1, 1983, Haven, Taylor and Justin voluntarily presented themselves at Fort Hamilton–Hughes Hospital for paternity blood testing. On April 14, 1983, a wage assignment was issued to Haven's employer, the Kroger Company. On April 19, 1983, five days after the wage assignment was issued, the blood test results excluded Haven as the father of Justin. Shortly thereafter, Haven contacted an attorney regarding the blood test results. However, he was financially unable to retain counsel.

Haven ceased to make the court-ordered child support payments in February 1989 when he stopped working at Kroger and began working for the City of Hamilton Fire Department. Haven has not had any contact, physical or otherwise, with Justin since the blood test results.

In December 1992, the Child Support Enforcement Agency filed an action against Haven for failure to pay child support. On January 7, 1993, Haven filed a motion for relief from judgment. The trial court denied the motion at a hearing on February 8, 1993.

We are called upon to determine whether the trial court erred in denying Haven's motion for relief from judgment. Civ.R. 60(B) states, in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an

adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *"

The requirements for a motion seeking relief from judgment are set forth in paragraph two of the syllabus of *GTE Automatic Elec. v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113:

"To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."

Civ.R. 60(B)(5) is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B); the grounds for invoking Civ.R. 60(B)(5) should be substantial. *Caruso–Ciresi, Inc. v. Lohman* (1983), 5 Ohio St.3d 64, 5 OBR 120, 448 N.E.2d 1365. The trial court's determination on a motion for relief from judgment will not be disturbed absent a showing that the trial court abused its discretion.

It is undisputed that Haven has a meritorious claim. Therefore, in order to prevail under Civ.R. 60(B)(5), Haven must demonstrate that he is not using that provision in place of the more specific provisions of Civ.R. 60(B), and he must show that his motion was made within a reasonable time.

The trial court did not clearly address whether it denied Haven's motion because it was improperly brought under Civ.R. 60(B)(5) instead of one of the more specific provisions of Civ.R. 60(B), or whether it denied the motion simply because it determined that it was not brought within a reasonable time. The transcript of the proceedings suggests the trial court concluded that the motion was not brought within a reasonable time.

Some Ohio appellate courts have concluded that Civ.R. 60(B)(5) is not appropriately applied under circumstances similar to those in the case at bar, where the movant could have filed the motion within one year of judgment under Civ.R. 60(B)(1), (2) or (3).

*Hartford v. Hartford* (1977), 53 Ohio App.2d 79, 7 O.O.3d 53, 371 N.E.2d 591, is one of the few reported cases that address the issue of applying Civ.R. 60(B)(5) for relief from a previous judgment of paternity. In *Hartford,* the appellant-former husband paid child support for three years pursuant to a divorce decree

before he filed a motion for relief from that decree as it related to paternity. The parties had separated in 1965 and the appellee became pregnant by another man. The parties reconciled in 1966, and appellant was aware that the child was not his. Neither party informed the court that the child was not fathered by the appellant during divorce proceedings.

The appellate court noted that the trial court had inherent authority to vacate its own judgment where that judgment was procured by a fraud upon the court. The appellate court also held that a motion for relief based on fraud upon the court is not limited to the one-year statute of limitations, but could be brought under Civ.R. 60(B)(5).

The appellate court, however, construed what constitutes a fraud upon the court narrowly and stated the trial court's determination on that issue is entitled to great weight. The court concluded that the former wife's allegation that the child was the issue of the marriage did not constitute a fraud upon the court. At most, the former wife's conduct amounted to fraud on her former husband and was subject to the one-year statute of limitations. See, also, *Garrison v. Garrison* (Oct. 2, 1986), Cuyahoga App. No. 50951, unreported, 1986 WL 11520 (no fraud upon the court was demonstrated and therefore Civ.R. 60[B][5] could not be used as a substitute for the one-year statute of limitations in 60[B][3] ); *Cunningham v. Bailey* (Oct. 7, 1987), Licking App. No. CA3284, unreported, 1987 WL 18639 (motion for relief from judgment filed three years after finding of paternity should have been filed under Civ.R. 60[B][2] based on newly discovered evidence, and was therefore untimely filed).

There are, however, appellate decisions that have affirmed trial court decisions granting movants' Civ.R. 60(B)(5) motions even after a relatively long time. In *Holt v. Cline* (June 23, 1992), Richland App. No. CA2905, unreported, 1992 WL 173368, the court affirmed the trial court's decision to grant the appellant's motion for relief from judgment after a lapse of five years. In *Holt*, Cline admitted to paternity in 1986. In June 1991, Cline filed a motion for relief pursuant to Civ.R. 60(B)(4) and (5) and argued he could not be the father because he had had a vasectomy in 1981. He also alleged that he had never made an appearance in court, but had signed the documents admitting paternity in the prosecutor's office. Blood tests were ordered and it was determined that Cline could not be the father. The appellate court stated that the five-year delay in filing his Civ.R. 60(B) motion was not *per se* unreasonable, particularly since Cline did not have counsel during the original paternity action.

In *Bottke v. Bottke* (Feb. 10, 1993), Summit App. No. CA15682, unreported, 1993 WL 28578, the trial court vacated its judgment entered four years previously, finding a parent-child relationship. In that case, the mother of the child filed the motion for relief arguing that the appellant was not the father of the child and

that the earlier judgment was acquired by fraud. The trial court found that the mother was not entitled to have the judgment vacated pursuant to Civ.R. 60(B). However, it found that equitable principles required the earlier judgment be vacated.

In *Bottke,* the appellate court held that other than proceedings under Civ.R. 50(B) (motion JNOV), 59 (motion for new trial) and 60(B), a court has no authority to vacate its judgment absent particular statutory provisions. The court affirmed the trial court, however, holding that the judgment could have been vacated under Civ.R. 60(B)(4) (relief when it is "no longer equitable that the judgment should have prospective application").

In *Mitchell v. Mitchell* (Feb. 12, 1987), Cuyahoga App. No. 50889, unreported, 1987 WL 6545, the appellate court upheld the trial court's decision granting a Civ.R. 60(B)(5) motion where tests conducted nine years after the divorce decree precluded the appellee as the father of the appellant's child. The court held that although the appellant could have pursued the matter more diligently, other factors must be considered in determining the timeliness of a Civ.R. 60(B)(5) motion. These factors include the best interest of the child, and the possibility that a fraud may have been perpetrated on the court. The court stated: "There is nothing in the record to prove that Clara knew in 1976 that Willie was not the children's father. But we know now. Can we then let the judgment, which involves a substantial issue, stand unmodified when it is obviously wrong? To do so would be an affront to our system of justice."

Initially, we note that Haven could have brought his motion for relief under Civ.R. 60(B)(2) or (3), both of which must be filed within one year of the original judgment. Under Civ.R. 60(B)(2), the blood test results could have been introduced as newly discovered evidence; under Civ.R. 60(B)(3) Haven could have alleged fraud on Taylor's part. Haven should not be precluded from using Civ.R. 60(B)(5), however, in light of the substantial, extraordinary circumstances involved in this case. In any event, the trial court did not make clear whether it denied Haven's motion because it could not be brought under Civ.R. 60(B)(5) or simply because that court determined that it was not brought within a reasonable time. The trial court may consider this issue more fully on remand.

With respect to whether Haven brought his motion within a reasonable time, there are two purposes for the reasonable time requirement: "First, the court has an interest in preserving the finality and sanctity of its duly rendered judgments; second, the time requirement protects the non-moving party, as well as other persons, from the prejudice caused by opening a judgment after a long delay." *In re Dissolution of Marriage of Watson* (1983), 13 Ohio App.3d 344, 347, 13 OBR 424, 426, 469 N.E.2d 876, 879. The challenge in the present case involves balancing individual equity with considerations of judicial administration

and stability of the law embodied in the "reasonable time" requirement of Civ.R. 60(B). See Annotation (1973), 15 A.L.R.Fed. 193, 200–201, Section 2[b].

We are not prepared to hold that a twelve-year interval between a final judgment and a movant's Civ.R. 60(B) motion is *per se* unreasonable. A trial court should consider factors beyond the absolute length of time before the movant files a Civ.R. 60(B) motion. One such factor is the burden on the nonmoving party of asserting its claim after relief has been granted. Another consideration is the movant's degree of fault in not bringing the motion sooner. In this case, the burden on the state caused by Haven's delay is nominal. Haven, Taylor, and Taylor's child are presently available for whatever proceedings which may be required in the future. No witnesses or evidence present at the original paternity hearing twelve years ago are unavailable today.

The trial court may also consider the best interests of the child and the possibility that a fraud may have been committed upon the court. See *In re Dissolution of Marriage of Watson, supra; Mitchell, supra.* Is it in this child's best interest to perpetuate the fiction that Haven is his father, when in fact he is not?

Finally, the individual equities must be weighed before granting or denying a motion for relief under Civ.R. 60(B)(5). The trial court did not address the equities involved in compelling Haven to pay child support in favor of a child that is not his.

We are not inclined to hold that the trial court abused its discretion in finding that a Civ.R. 60(B)(5) motion for relief from a judgment of paternity filed twelve years after that judgment is untimely. On the other hand, we are concerned that the trial court did not consider any other factor other than Haven's delay in filing his motion. The absolute length of time between the original paternity finding and Haven's motion for relief is important but not dispositive in determining what constitutes a reasonable time under Civ.R. 60(B). Under the extraordinary facts of this case, the cause is remanded to the trial court for further consideration.

*Judgment accordingly.*

JONES, P.J., and KOEHLER, J., concur.