OPINION
Intervener-defendant Terry Nemeth, appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, which sustained the motion for relief from judgment filed by plaintiff Patrick Dacosta, pursuant to Civ. R. 60 (B). Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 I. WHETHER THE TRIAL COURT ERRED IN ORDERING THAT APPELLEE'S 60 (B) (4)'S "CATCH-ALL" PROVISION, WHEN THE EVIDENCE COULD HAVE EASILY BEEN "DISCOVERED" WITHIN THE ONE YEAR UNDER THE 60 (B) (2) "NEWLY DISCOVERED EVIDENCE" PROVISION.
The record indicates appellee Nicole Dacosta was born on October 7, 1991, prior to her mother, appellee Lesley Dacosta's marriage to Patrick Dacosta on July 31, 1982. The Decostas were divorced on April 30, 1987. The parties had executed a separation agreement which provided Nicole was born as issue of the marriage. The trial court awarded Lesley Dacosta custody of Nicole and ordered Patrick Dacosta to pay child support. Patrick also received visitation rights with Nicole.
On April 23, 1990, Lesley and Patrick Dacosta entered into an agreement whereby Patrick Dacosta reliquished all rights to visitation with Nicole and Lesley Dacosta agreed she would be the sole support for Nicole. At this time, Nicole was approximately nine years old, and had known since she was six or seven years old Patrick Dacosta was not her biological father. Lesley and Patrick Dacosta believed the agreement to terminate all rights and obligations of Patrick Dacosta with regards to Nicole put an end to the issue. However, Lesley Dacosta subsequently began to receive public assistance, and the Stark County Child Support Enforcement Agency sought to re-establish a support order as to Patrick Dacosta. On March 30, 1993, Patrick Dacosta filed a motion to modify the divorce decree, which the trial court addressed as a motion to vacate judgment under Civ. R. 60 (B). The motion sought to have the court acknowledge Nicole was not Patrick Dacosta's daughter.
The trial court notified the parties it would take the motion under advisement, and appointed Attorney Timothy Watkins as the Guardian Ad Litem for Nicole. Attorney Watkins filed a complaint in Stark County Juvenile Court asking the court to find appellant to be the legal father of Nicole. Appellant requested leave to intervene as a party in the Dacosta divorce action, and disputed paternity. Genetic tests subsequently established a 99 percent probability appellant is the biological father of Nicole. In September of 1996, appellant acknowledged paternity in the juvenile case, but at the time the court did not order him to pay child support.
Meanwhile, the magistrate in the divorce case issued a decision overruling Patrick Dacosta's motion for relief from judgment, but the parties objected to the decision, and the Guardian Ad Litem reported to the court it was in Nicole's best interest that the motion be granted. On February 4, 1997, the trial court in the domestic relation case sustained the motion for relief from judgment, and the juvenile court ordered appellant to pay child support for Nicole.
Civ. R. 60 (B) provides in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, release or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reasons justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1) (2)and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend it operation.
In GTE Automatic Electric v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, the Ohio Supreme Court held:
 2. To prevail on a motion brought under Civ. R. 60 (B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60 (B) (1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60 (B) (1), (2) or (3), not more than one year after the judgment.
Syllabus by the court, paragraph two.
A motion for relief from judgment under Civ. R. 60 (B) is addressed to the sound discretion of the trial court and should not be disturbed absent an abuse of discretion, Griffey v. Rajan
(1987), 33 Ohio St.2d 75 at 77. The Supreme Court has frequently held the term abuse of discretion ". . . implies that the court's attitude is unreasonable, arbitrary or unconscionable. . . ." see e.g. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Appellant urges if any portion of Civ. R. 60 (B) applies, it would be Subsection (2), newly discovered evidence. Because motions made pursuant Civ. R. 60 (B) (2) must be made not more than one year after the judgment, appellant urges this motion was untimely, and should have been denied. In Knapp v. Knapp (1986),24 Ohio St.3d 141, the Ohio State Supreme Court reviewed an action wherein the husband agreed to pay a specific sum of alimony to his ex-wife, but after five years, he moved pursuant to Civ. R. 60 (B) (4) to have the alimony reduced. The movant argued it was no longer equitable that he should pay the alimony previously agreed to, because his financial circumstances had changed. The Supreme Court found Civ. R. 60 (B) (4) should not relieve a litigant of the consequences of a voluntary choice to enter into a separation agreement. It was foreseeable the financial position of one or both parties could change during the term of the agreement. Appellant urges the case at bar is analogous to theKnapp case, because Patrick Dacosta voluntarily entered into a separation agreement which established him as Nicole's father.
Likewise, in Strack v. Pelton (1994), 70 Ohio St.3d 172, the Supreme Court reviewed the case wherein the husband filed for divorce, alleging no children were born as issue of the marriage, but the wife claimed her husband was responsible for her current pregnancy. The husband denied paternity, but the tests available at the time did not exclude him as the father of the child. Nine years after the judgment, a more sophisticated HLA test demonstrated the ex-husband could not be the father of the child. The Supreme Court held the HLA test was newly discovered evidence, and Civ. R. 60 (B) requires newly discovered evidence to be presented within one year of the judgment. The Supreme Court noted the principle of finality is more important than the principle of perfection in the higherarcy of values, particularly in a case involving determinations of parenting, visitation, and support of a minor child.
Here, of course, the situation is somewhat different. The record does not demonstrate Patrick Dacosta was represented by counsel in the original divorce action. In 1990, the parties attempted to resolve the matter between them. This is not a situation where the child has always believed Patrick Dacosta was her biological father, because the record clearly shows this child knew by the time she was six or seven that Patrick Dacosta was in fact not her father. The Guardian Ad Litem offered the opinion it was in the best interest of the child, given the circumstances, that her biological father assume responsibility for her support, and a parent-child relationship be legally established between them. The guardian rejected the possibility that Nicole would be "reunified" with Patrick Dacosta, given the animosity which Lesley Dacosta had evidenced towards Patrick. The Guardian Ad Litem's report also noted Nicole had grasped the very real possibility she might never be able to establish a personal relationship with her biological father.
Appellee points us to Taylor v. Haven (1993), 91 Ohio App.3d 846, wherein the Court of Appeals for Butler County reviewed a motion for relief brought pursuant to Civ. R. 60 (B) (5). InTaylor, Haven admitted paternity of Taylor's minor child, but subsequent blood tests demonstrated Haven could not be the child's father. Haven was not represented by counsel. Apparently by mutual consent, Haven ceased making the court-ordered support payments, but three years later, the Child Support Enforcement Agency sought enforcement of the child support order. The trial court overruled the motion for relief from judgment, but the Butler County Court of Appeals remanded the case to the trial court with instructions to consider all the factors involved in the case, not just the fact that the motion for relief from judgment was filed twelve years after the judgment. The court of appeals noted the ". . . the absolute length of time between the original paternity finding and Haven's motion for relief is important but not dispositive in determining what constitutes a reasonable time. . . ." Taylor at 852. The court of appeals noted the circumstances of this case were both extraordinary and substantial, and must be factored into the question of whether the motion was brought within a reasonable time. The Butler County Court of Appeals explored the notion of balancing individual equity against considerations of judicial administration and stability of law. The court announced it was not prepared to hold a twelve-year interval was per se unreasonable, because a number of factors should be considered, including the movant's degree of fault in not bringing the motion sooner, the availability or unavailability of the parties, witnesses, and evidence, and the best interest of the child. The Taylor court asked whether it was in the child's best interest to perpetuate the fiction that Haven was child's father, and asked what equity was involved in compelling Haven to pay child support for a child which was not his.
Here, a balancing of the equities clearly demonstrates the trial court did not abuse its discretion in granting the relief requested. In 1990, Patrick Dacosta secured an order from the court which terminated both his rights and his obligations regarding Nicole. Nicole is under no delusions regarding the facts of this case, and has already had to deal with the emotional aspects. It appears to be far too late to protect this child from the harsh realities of the situation. The Guardian Ad Litem has represented to the court that Nicole's best interests lie in establishing appellant as her father, and appellant does not dispute this. We conclude the trial court did not abuse its considerable discretion in sustaining the motion for relief.
The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed.
By Gwin, P.J., Reader, J., and Wise, J., concur.
 JUDGMENT ENTRY
CASE NO. 97-Ca-0077
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed. Costs to appellant.