Defendant-appellant, Anthony Jordan, appeals the denial of his motion for relief from judgment. For the reasons that follow, we affirm.
Appellant was indicted on one count of aggravated robbery with a specification charging him with committing a previous offense of violence. A jury found appellant guilty of aggravated robbery and the trial court separately determined that appellant had previously committed and been convicted of an offense of violence. Appellant was sentenced to thirteen to twenty-five years in prison and his conviction and sentence were affirmed on direct appeal. State v. Jordan (Mar. 13, 1995), Clinton App. No. CA94-02-004, unreported. Appellant's subsequent bid to obtain postconviction relief was rejected and that denial was likewise affirmed on direct appeal. State v. Jordan (Nov. 25, 1996), Clinton App. No. CA96-05-007, unreported.
This appeal involves appellant's September 15, 1997 motion for relief from judgment filed pursuant to Civ.R. 60(B)(5).[1]
Appellant claims that both the grand jury and trial court improperly relied upon a vacated judgment entry of conviction in considering the specification. According to appellant, this in turn invalidates both the specification itself and appellant's subsequent indeterminate sentence based upon the specification. The trial court denied appellant's motion. On appeal, appellant argues the trial court abused its discretion.
Before addressing the merits of appellant's alleged error, we initially consider appellee's claim that there is no final appealable order in the case at bar. Appellee notes that a "motion for reconsideration" appellant filed with the trial court after it denied his Civ.R. 60(B) motion has yet to be resolved. According to appellee, this appeal is premature and there is no final appealable order since appellant's motion for reconsideration is still pending before the trial court.
The motion for reconsideration filed in the trial court subsequent to a decision on appellant's Civ.R. 60(B) motion is a nullity; it is well-settled in Ohio that the Rules of Civil Procedure do not recognize a motion for reconsideration at the trial court level following a final judgment. Pitts v. Dept. of Transp. (1981), 67 Ohio St.2d 378, paragraph one of the syllabus; Franks v. The Lima News (1996), 109 Ohio App.3d 408. Accordingly, appellant's pending motion for reconsideration in the trial court is a nullity and its filing has no effect upon the validity of the appeal in the case before us.
Appellant's sole assignment of error claims the trial court abused its discretion by denying his motion for relief from judgment. A trial court's determination on a Civ.R. 60 motion will not be disturbed on appeal absent a showing the trial court abused its discretion. Taylor v. Haven (1993), 91 Ohio App.3d 846. See, also, State v. Raypole (Apr. 13, 1998), Fayette App. No. CA97-10-030, unreported.
Appellant argues that the trial court improperly enhanced his penalty by the use of a specification based upon an invalid conviction. Both the grand jury and trial court allegedly relied upon a January 1977 judgment entry when considering the specification charging appellant with a previous offense of violence. The January 1977 entry was vacated when appellant's convictions were reversed on direct appeal.
However, although appellant's prior convictions were reversed and the January 1977 entry vacated, appellant was retried, found guilty, and sentenced by entry dated November 15, 1977. Such was brought to the trial court's attention during sentencing when the prosecutor stated that "[t]he trial court has before it now the certified copy of the last sentencing entry in this case, the resentencing after remandment [sic] to the Clark County Court * * * which is dated, I believe, November of 1977 * * *." It is readily apparent that the trial court knew of appellant's subsequent conviction following the reversal of the January 1977 entry and relied upon the latter conviction in determining that appellant was guilty of the specification.
Appellant does not dispute his prior conviction for an offense of violence and it is immaterial whether the grand jury based the specification on the original conviction entry or the one which followed the retrial after appellant's appeal. Such does not require the lower court's judgment to be vacated and we find no abuse of discretion by the trial court in denying appellant's motion for relief from judgment under Civ.R. 60(B).
The assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.
[1] Appellant relies on Crim.R. 57(B) as support for his motion, claiming the issues raised herein could not be raised either on direct appeal or in postconviction relief.