OPINION
Defendant-appellant, James R. Goff, appeals the denial of his motion for relief from judgment by the Clinton County Court of Common Pleas. We affirm the decision of the trial court.
Appellant was indicted in 1995 for the murder of an elderly woman. A jury found appellant guilty of aggravated murder with a death penalty specification, aggravated burglary, aggravated robbery, and grand theft. Appellant was sentenced to death on the aggravated murder charges and to three consecutive prison terms on the other charges. Appellant's conviction and death sentence were affirmed by this court, State v. Goff
(Apr. 21, 1997), Clinton App. No. CA95-09-026, unreported, and by the Ohio Supreme Court, State v. Goff (1998), 82 Ohio St.3d 123.
Appellant filed a petition for postconviction relief ("PCR petition") on September 20, 1996, in which he alleged, inter alia, a denial of due process caused by the state's failure to properly disclose consideration given to a state key witness for his testimony at appellant's trial. Specifically, appellant argued that the state's failure to disclose the plea agreement entered into by the key witness in federal court and the reduced sentence obtained by the key witness in exchange for his testimony violated appellant's constitutional rights under Brady v.Maryland (1963), 373 U.S. 83, 83 S.Ct. 1194.
On October 15, 1996, the state filed a motion for a ruling pursuant to R.C. 2953.21(C) and/or motion for summary judgment. Although ordered by the trial court to respond to the state's motion by a certain date, appellant did not respond to the motion but chose instead to file a motion to take depositions of the key witness, the witness' attorney, and the state prosecutor. The trial court never ruled on appellant's motion. Thereafter, neither side presented any additional affidavits or motions to the trial court. On April 26, 2000, the trial court dismissed appellant's PCR petition without an evidentiary hearing.
This appeal involves appellant's May 10, 2000 motion for relief from judgment filed pursuant to Civ.R. 60(B)(5).[1] In this motion, appellant asked the trial court to vacate the denial of his PCR petition on the ground that he did not have an opportunity to address the state's motion to dismiss his PCR petition. Specifically, appellant argued that he was improperly denied the opportunity to discuss the state's "attempt at narrowing [his] first claim for relief" in his PCR petition (the key witness' plea agreement) especially where, appellant argued, the failure to disclose such plea agreement was, by itself, a Brady violation. Appellant also argued that he was essentially denied discovery when he was denied the opportunity to take depositions.
On May 19, 2000, appellant filed a notice of appeal from the trial court's denial of his PCR petition. Again, appellant argued that the state's failure to disclose the key witness' plea agreement violated his constitutional rights under Brady. Appellant also argued that the trial court's "refusal" to rule on his motion to take depositions and its summary dismissal of his PCR petition denied him the opportunity to respond to the state's motion to dismiss his PCR petition. By decision filed March 5, 2001, we upheld the trial court's denial of appellant's PCR petition. State v. Goff (Mar. 5, 2001), Clinton App. No. CA00-05-014, unreported. The trial court denied appellant's Civ.R. 60(B)(5) motion on September 13, 2000. This appeal followed.
In his sole assignment of error, appellant argues that it was error for the trial court to deny his Civ.R. 60(B)(5) motion where appellant was denied the opportunity to discuss, in response to the state's motion to dismiss, the state's attempt to narrow his first claim of relief in his PCR petition, and where appellant was prohibited from conducting discovery by depositions.
A trial court's determination on a Civ.R. 60 motion will not be disturbed on appeal absent a showing the trial court abused its discretion. Taylor v. Haven (1993), 91 Ohio App.3d 846, 849. "Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment. However, the grounds for invoking said provision should be substantial." Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, 66.
We find that the trial court properly denied appellant's Civ.R. 60(B) motion for the following reasons. First, although couched in somewhat different terms, appellant's Civ.R. 60(B) motion reiterates some of the arguments raised in his PCR petition. "A motion seeking relief from judgment based upon legal error is the functional equivalent of a motion to reconsider a final, appealable order. The Ohio Rules of Civil Procedure do not provide a procedure for reconsideration of a trial court's final judgment and such motions are a nullity." Magyar v.Lightning Rod Mutual Ins. Co., Inc. (Oct. 13, 1995), Erie App. No. E-95-007, unreported, citing Pitts v. Ohio Dept. of Transp. (1981),67 Ohio St.2d 378.
Second, all the arguments raised in appellant's Civ.R. 60(B) motion were raised in his appeal of the denial of his PCR petition and were squarely rejected by this court. In particular, we held that "[h]aving failed to comply with Civ.R. 56, appellant should not be heard to cry foul now regarding his inability to take depositions and respond to the state's motion [to dismiss his PCR petition]." Goff, Clinton App. No. CA00-05-014, unreported, at 19. Appellant's assignment of error is overruled.
Judgment affirmed.
 ___________ YOUNG, P.J.
WALSH and POWELL, JJ., concur.
[1] Civ.R. 60(B)(5) provides that "[o]n motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order or proceeding for * * * any other reason justifying relief from the judgment."