OPINION
Defendant-appellant, John D. Sharick, appeals from an order of the Mahoning County Common Pleas Court, Domestic Relations Division, granting a motion for relief from judgment filed by plaintiff-appellee, Sharon K. Sharick n.k.a. Sharon K. Larson.
The parties were married on January 30, 1960. Appellant purchased three annuities throughout the course of the parties' marriage. On June 29, 1992, appellee filed a complaint for divorce and motion for restraining order. On July 6, 1992, appellant filed an answer to the complaint. The parties filed pre-trial statements wherein no mention was made regarding the existence of annuities other than appellee's blanket request for "one half of IRA's and annuities" contained in her settlement proposal, to which appellant made no mention of any outstanding annuities. On March 25, 1993 a hearing was held upon the complaint for divorce. On May 7, 1993, the court filed a judgment entry granting appellee a divorce.
On December 31, 1998, appellant filed a motion to terminate spousal support and a motion to require appellee to execute a jointly owned insurance policy. Appellant's motion alleged that appellee had obtained new employment and/or had remarried. A hearing was held before the magistrate on February 17, 1999, wherein appellee testified that she had not remarried nor was she cohabitating with an unrelated male.
At that same hearing, appellant acknowledged that he had purchased three annuities during the course of the marriage that had not been discussed throughout any of the previous proceedings. Appellant did not dispute that the annuities were acquired during the marriage, but opposed the division of the asset because of the length of time that had passed between the date of final judgment entry for their divorce in 1993 and the hearing in February of 1999. Appellant argued, but proffered no evidence, that the parties exchanged correspondence in 1994 and 1995 relating to the existence of the annuities.
One of the annuities had been jointly owned by the parties and was disposed of by the court at the time of the aforementioned hearing. The two remaining annuities, which were issued on June 28, 1979 and October 4, 1985 through Provident Mutual, were not mentioned in the divorce proceeding, thus not divided. On November 1, 1996, these two annuities were merged into one large policy held by USG. This annuity, US468902, had not been divided in the divorce proceedings or in any subsequent proceedings between the parties. The cash surrender value of US468902 is $76,274.40.
Appellee denied any previous knowledge of the existence of these specific annuities and claimed entitlement to one half of the same.
On January 31, 2000, appellee filed a motion for relief from judgment under Civ.R. 60(B)(5), wherein appellee sought, in pertinent part, an award of her half interest in the annuity accounts.
On April 11, 2000, the magistrate granted appellee's motion for relief from judgment. The magistrate issued a decision with findings of fact and conclusions of law wherein the magistrate found that the intent of the parties was, at the time of their divorce, to incorporate an equal division of property, but that the three annuities in question were omitted, therefore the intent of the parties had not been achieved. The magistrate amended the judgment entry of divorce from 1993 to grant the appellee one-half marital interest in the USG Annuity Life Company Policy No. U.S. 468902. Appellant filed objections to the magistrate's decision on April 24, 2000.
The trial court held a hearing on appellant's objections on May 19, 2000, and on May 30, 2000, filed a judgment entry remanding the matter to the magistrate to determine how the annuity should be divided, but otherwise adopted the remainder of the decision. Appellant appealed the decision to this court on June 23, 2000, and the case was assigned No. 00 C.A. 123. This court held the matter in abeyance until a final determination had been made on the remanded matters.
On September 22, 2000, the court issued an agreed judgment entry in which the court found in pertinent part that the parties had agreed that appellee was entitled to one-half interest of USG Policy No. US468902, "valued as of the date of the parties divorce on May 7, 1993 plus any accruing interest/earnings thereon from said date."
On October 26, 2000, the trial court issued a qualified domestic relations order and instructions directing USG to pay appellee fifty percent (50%) of the annuity from January 30, 1960 to March 25, 1993, plus all interest, dividends, or other earnings thereon from March 25, 1993. Appellant appealed the order to this court on November 2, 2000, and the case was assigned No. 00 C.A. 234. On March 12, 2001, this court consolidated Case Nos. 00 C.A. 234 and 00 C.A. 123.
Appellant's sole assignment of error states:
 "The Trial Court Erred in Vacating the Parties 1993 Divorce Entry Pursuant to Ohio Civil Rule 60(b) [sic] for Reasons That Based upon the Totality of Facts, Said Motion Was Untimely Filed under Any Provision of the Rule."
Appellant argues that the trial court abused its discretion in applying Civ.R. 60(B)(5) as a basis to sustain appellee's motion to vacate the divorce entry, because Rule 60(B)(5) is a catchall provision and should only be used when none of the other sections of the rule can apply.
The crux of appellant's argument is that appellee's claim for relief from judgment could have been brought under Civ.R. 60(B)(1) (3); therefore the court should not have decided the case under Civ.R. 60(B)(5). Appellant argues that appellee brought the claim for relief from judgment under Civ.R. 60(B)(5) simply because the one-year limitation of Civ.R. 60(B)(1) (3) had expired.
In support of appellant's argument that the claim should have been brought under Civ.R. 60(B)(1) (3), appellant cites specifically to appellee's pretrial statement, which appellant feels should be interpreted to show evidence of appellee's knowledge of the annuities.
Appellant's argument in support of 60(B)(1)-(2) is that despite both parties leaving the annuities out of the divorce agreement, appellee's pretrial statement makes direct reference to the annuities, therefore she knew about the annuities. Appellant refers to this as inadvertence or excusable neglect by appellee; therefore appellee should have filed her claim within one year.
Appellant argues in support of 60(B)(3) once again relying on appellee's pretrial statement as evidence of appellee's knowledge of the annuity. Appellant contends that if appellee wanted to argue fraud upon the party, but had knowledge of the existence of the annuities as referenced in her pre-trial statement, then appellant's claim should fail based on two factors: 1) appellee could not show proof of having been victimized, and 2) appellee should have filed her claim within the one-year statute of limitations for a Civ.R. 60(B)(3) motion.
Finally, in opposition to appellee's claim for relief under Civ.R. 60(B)(5), appellant argues that even though the one-year statute of limitations does not apply to this section, the (B)(5) motion should have failed due to the unreasonable amount of time appellee took to file her motion for relief from judgment. Appellant claims that appellee knew of the annuity and slept on her rights; therefore appellee has exhibited a comparative degree of fault.
Civ.R. 60(B) provides:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *"
In order to prevail on a motion brought under Civ.R. 60(B), the movant must show the following:
 "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, syllabus.
Appellate courts will not reverse a lower court's decision regarding a 60(B) motion absent an abuse of discretion. State ex rel. Richard v.Seidner (1996), 76 Ohio St.3d 149, 151, citing Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20. A court abuses its discretion when its actions amount to unreasonable, arbitrary, or unconscionable conduct. Tracy v. Merrell Dow Pharmaceuticals, Inc. (1991),58 Ohio St.3d 147, 152. It is widely recognized that "Civ.R. 60(B) is a remedial rule to be liberally construed so that the ends of justice may be served." Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20, citing Colley v. Bazell (1980), 64 Ohio St.2d 243, 249.
In Volodkevich v. Volodkevich (1988), 35 Ohio St.3d 152, the court held that Civ.R. 60(B)(5) is a "`catch-all' provision which reflects the inherent power of a court to relieve a person from the unjust operation of a judgment." "This catchall provision, though, should only be used in rare cases where substantial grounds exist to justify relief." Wiley vGibson (1997), 125 Ohio App.3d 77, 81. See, also, Caruso-Ciresi, Inc. v.Lohman (1983), 5 Ohio St.3d 64.
It appears that the clear intention of the parties at the time of their divorce was to divide all of their assets. Neither party mentioned the annuities at the time of their divorce. Based on the transcript from May 19, 2000, counsel for appellee stated that appellee "knew something about annuities being out there, but never had any specific information." (Tr. 7-8.)
When ruling on a motion for relief from judgment, the trial court should consider factors beyond the absolute length of time in determining whether the timeliness of the motion was appropriate. See Taylor v.Haven (1993), 91 Ohio App.3d 846. In that case, the court declined to hold a twelve-year interval between a final judgment and a movant's Civ.R. 60(B) motion per se unreasonable given the totality of the circumstances in that case.
In In re Murphy (1983), 10 Ohio App.3d 134, the court addressed the use of Civ.R. 60(B)(5) to amend a separation agreement which omitted a marital asset. The court held that a decree which "omits assets that are substantial in relative amount and material to an informed and deliberate agreement about an equitable division of the property" is voidable. Id. at 137-138. Among the factors to be considered by the trial court in ruling on the motion include:
 "what caused the delay in making the motion; whether the delay was reasonable; what personal knowledge the movant had about the nature, extent and value of all the marital assets (whether included or omitted); what the movant should have known about them in the exercise of ordinary care; whether the movant expressly or implicitly concurred in the property provisions of the [decree]; what deceptions, if any, were used by the other spouse; and what has intervened between the decree and the motion (such as, remarriage of either spouse or both spouses)."
In this case, the trial court did not abuse its discretion in granting appellee's motion for relief from judgment under Civ.R. 60(B)(5). Appellee's claim to 50 percent of the annuities at issue is a meritorious claim since an equal division of the marital assets was always intended but never achieved. Moreover, the omission of the annuities was substantial and relative in amount and material to an informed and deliberate agreement for an equitable division of property. Although appellee's motion was not filed until nearly seven years after the decree of divorce, that is not an unreasonable time given the circumstances of this case. Appellee only recently discovered the existence of annuities. Also, since the undivided asset remained intact and undisturbed, appellant suffers no prejudice. Lastly, appellant, eight months prior to the filing of appellee's motion, agreed to the division of another similarly omitted marital asset.
Accordingly, appellant's assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
VUKOVICH, J., concurs; see concurring opinion.
WAITE, J., concurs.