{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, Herbert Tabor, Jr., appeals from the decision of the Mahoning County Court of Common Pleas, Domestic Relations Division, which granted the Civ.R. 60(B) motion for relief from judgment of Plaintiff-Appellee, Christy Tabor. The issue before this court is whether the trial court properly granted that motion. We conclude Christy failed to demonstrate that her motion was filed in a reasonable time, did not state a basis for relief under Civ.R. 60(B), and did not allege sufficient operative facts to demonstrate a meritorious defense to the divorce decree. Thus, we reverse the trial court's decision to the extent that it modified that decree. However, the trial court may still order a qualified domestic relations order (QDRO) which does not conflict with the divorce decree. Accordingly, this case is remanded to the trial court so it may issue a QDRO in accordance with the divorce decree.
 {¶ 2} Herbert and Christy were divorced pursuant to an oral separation agreement on May 22, 1986. The terms of that agreement were dictated into the record and fully set forth in the divorce decree. One of the provisions in the decree dealt with Herbert's pension and provided as follows:
 {¶ 3} "12. That Defendant's present pension plan with G.M.A.D. will pay the sum of $324.00 per month when Defendant reaches the age of retirement and that Defendant will pay to Plaintiff the sum of $162.00 per month upon receipt of said retirement."
 {¶ 4} On March 14, 2001, Christy filed a Civ.R. 60(B) motion for relief from judgment. In that motion, she argued Herbert's pension was paying considerably more to him than $324 per month. Christy argued paragraph 12 of the decree failed to comply with the rules established by statute and subsequent case law. She also argued it was inequitable to prospectively apply that provision of the decree without modification. Thus, she asked for a QDRO and for a modification of paragraph 12 of the decree. Herbert opposed the motion in a memorandum. The trial court entered judgment on the motion without holding a hearing. In that judgment, the trial court found the parties intended to divide the pension equally according to the terms of their agreement, awarded Christy fifty percent of the pension as of the date the parties were divorced, and ordered a QDRO be prepared.
 {¶ 5} We reverse the trial court's decision because Christy bore the burden of demonstrating why she was entitled to Civ.R. 60(B) relief. Her motion failed to demonstrate that it was filed in a timely manner, did not state a basis for relief under the rule, and failed to demonstrate a meritorious defense. As these all need to be shown before a party is entitled to Civ.R. 60(B) relief, the trial court abused its discretion when granting that relief. However, a QDRO may still be issued as long as it does not modify the parties' divorce decree. Accordingly this case is remanded for further proceedings.
 {¶ 6} Herbert argues six assignments of error on appeal as follows:
 {¶ 7} "The trial court exceeded its jurisdiction since its order constituted an impermissible modification of the unambiguous terms of the parties' divorce decree which were based upon a separation agreement entered into between the parties."
 {¶ 8} "The trial court abused its discretion even if the terms of the parties' divorce decree are ambiguous since no evidence was presented as to the parties' actual intent regarding the division of Appellant's retirement benefits."
 {¶ 9} "The trial court abused its discretion as Appellee's motion was insufficient to support relief from judgment pursuant to Civil Rule 60(B)(4) since it was not based upon subsequent events that were unforeseen at the time that the divorce decree was issued."
 {¶ 10} "The trial court abused its discretion as Appellee's motion was insufficient to support relief from judgment pursuant to Civil Rule 60(B)(5) since such ground was merely used as a substitute for a Civil Rule 60(B)(1) motion based upon mistake and the grounds therefor [sic] were not sufficiently substantial."
 {¶ 11} "The trial court abused its discretion in granting Appellee's motion which was in substance a Civil Rule 60(B)(1), but it was filed beyond the one (1) year limitation period provided by Civil Rule 60(B)."
 {¶ 12} "The trial court abused its discretion even if Appellee's motion was valid pursuant to Civil Rule 60(B)(4) and/or 60(B)(5) since the motion was not filed within a reasonable time as required by Civil Rule 60(B)."
 {¶ 13} Christy has not filed a responsive brief. Pursuant to App.R. 18(C), if the appellee does not file a responsive brief, "the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." State ex rel. Montgomery v. R D Chem. Co.
(1995), 72 Ohio St.3d 202, 204, 648 N.E.2d 821. Further, as these assignments of error all deal with the same issues of law and fact, that is, whether the trial court erred in granting Christy's Civ.R. 60(B) motion for relief from judgment, we will address them together.
 {¶ 14} "Civ.R. 60(B) is a mechanism whereby a party or parties may obtain relief by motion from a judgment or order." In re Whitman (1998),81 Ohio St.3d 239, 242, 690 N.E.2d 535. A party may obtain relief either through the full vacation of the prior judgment or by partial vacation or modification of that judgment. Id. at 243. Civ.R. 60(B) is remedial and should be liberally construed so the ends of justice may be served. Kayv. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20, 665 N.E.2d 1102. To prevail upon a Civ.R. 60(B) motion, the movant must demonstrate: (1) a meritorious defense or claim to present if relief is granted; (2) the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and, (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic Elec., Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." Strack v. Pelton (1994), 70 Ohio St.3d 172,174, 637 N.E.2d 914.
 {¶ 15} A motion for relief from judgment pursuant to Civ.R. 60(B) may not be used as a substitute for a timely appeal. Doe v. TrumbullCty. Children Serv. Bd. (1986), 28 Ohio St.3d 128, 131, 28 OBR 225,502 N.E.2d 605. Thus, the movant's arguments must not merely reiterate arguments which concern the merits of the case and could have been raised on appeal. Manigault v. Ford Motor Co. (1999), 134 Ohio App.3d 402, 412,731 N.E.2d 236.
 {¶ 16} When reviewing a trial court's decision regarding a Civ.R. 60(B) motion for relief from judgment, that decision will not be reversed unless the trial court abuses its discretion. Strack at 174. The term "abuse of discretion" constitutes more than an error of law or judgment; it implies the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.
 {¶ 17} As an initial matter, it is not necessary to file a Civ.R. 60(B) motion before a trial court can grant a request for a QDRO. "A QDRO is a current distribution of the rights in a retirement account that is payable in the future, when the payee retires. It is ordinarily issued subsequent to and separate from the decree of divorce itself, after the employer payor has approved its terms as conforming with the particular pension plan involved. A QDRO is, therefore, merely an order in aid of execution on the property division ordered in the divorce decree. So long as the QDRO is consistent with the decree, it does not constitute a modification, which R.C. 3109.171(I) prohibits, and the court does not lack jurisdiction to issue it." McKinney v. McKinney (2001),142 Ohio App.3d 604, 608, 756 N.E.2d 694, citing Tarbert v. Tarbert
(Sept. 27, 1996), 2nd Dist. No. 96-CA-0036. Because a QDRO is "merely relief in aid of a property division", Cosby at 327, and is usually issued subsequent to and separate from the divorce decree, the fact that a QDRO has not been issued is not a reason for obtaining relief from the divorce decree.
 {¶ 18} In his brief, Herbert argues the trial court erred in granting Christy's Civ.R. 60(B) motion for relief from judgment for four reasons. First, the motion was not timely filed. Second, the motion did not state a proper basis for relief from judgment as found in Civ.R. 60(B). Third, the judgment was based on an unambiguous agreement between the parties, and therefore must be enforced. Finally, if the agreement was ambiguous, then the trial court should have held a hearing to determine how the parties actually intended to divide the pension benefits. Given the nature of Christy's 60(B) motion it would be unreasonable for the trial court to grant that motion, even if it did hold a hearing. Therefore, we conclude the trial court abused its discretion.
 {¶ 19} Addressing Herbert's first argument, the movant bears the burden of presenting allegations of operative facts demonstrating the motion was filed within a reasonable period of time. Adomeit v.Baltimore (1974), 39 Ohio App.2d 97, 103, 68 O.O.2d 251, 316 N.E.2d 469. Christy's Civ.R. 60(B) motion was filed almost fifteen years after the parties were granted a divorce. As Civ.R. 60(B) requires motions for relief pursuant to Civ.R. 60(B)(1), (2), or (3) be filed within a year of the judgment, these grounds for relief may not form the basis for relief in this case. Herbert contends the motion was not made within a reasonable time to justify relief under either Civ.R. 60(B)(4) or (5).
 {¶ 20} There are two reasons for the reasonable time requirement in Civ.R. 60(B). "First, the court has an interest in preserving the finality and sanctity of its duly rendered judgments; second, the time requirement protects the non-moving party, as well as other persons, from the prejudice caused by opening a judgment after a long delay." In reDissolution of Marriage of Watson (1983), 13 Ohio App.3d 344, 347, 13 OBR 424, 469 N.E.2d 876. These reasons appear to be related to the two conflicting purposes of Civ.R. 60(B), finality and perfection. See Knappv. Knapp (1986), 24 Ohio St.3d 141, 144, 24 OBR 362, 493 N.E.2d 1353.
 {¶ 21} "Finality requires that there be some end to every lawsuit, thus producing certainty in the law and public confidence in the system's ability to resolve disputes. Perfection requires that every case be litigated until a perfect result is achieved. For obvious reasons, courts have typically placed finality above perfection in the hierarchy of values." Id. at 144-145; see also Colley v. Bazell (1980),64 Ohio St.2d 243, 248, 18 O.O.3d 442, 416 N.E.2d 605 (Civ.R. 60(B) attempts to strike a balance between the conflicting principles that litigation must be brought to an end and justice should be done).
 {¶ 22} Moreover, there is a heightened need for finality in cases involving the end of a marriage because legal relationships change when former spouses enter into new marriages. Whitman at 243. However, this is not a dispositive factor in all cases. Id.
 {¶ 23} When determining whether a Civ.R. 60(B) motion was filed within a reasonable time, a court must conduct a balancing test which weighs individual equity with considerations of judicial administration and the stability of the law. Taylor v. Haven (1993), 91 Ohio App.3d 846,851-852, 633 N.E.2d 1197, citing Annotation (1973), 15 A.L.R.Fed. 193, 200-201, Section 2[b]. Thus, courts have been hesitant to create a rule that the length of any particular interval is per se unreasonable. SeeTaylor at 852; Sharick v. Sharick (Sept. 24, 2001), 7th Dist. Nos. 00 CA 123, 00 CA 234. Factors a court should consider when determining whether the motion was filed within a reasonable time include the absolute length of time before the Civ.R. 60(B) motion is filed, what caused the delay in making the motion, whether the delay was reasonable, the burden on the nonmoving party of asserting its claim after relief has been granted, the likelihood the movant will prevail on the merits of the motion, what has intervened between the judgment and the motion, and the individual equities involved if the motion is meritorious. Dunkle v. Dunkle (1999),135 Ohio App.3d 669, 680-681, 735 N.E.2d 469; Taylor at 852; In reMurphy (1983), 10 Ohio App.3d 134, 10 OBR 184, 461 N.E.2d 910; Sharick at 4.
 {¶ 24} In this case, the trial court did not hold a hearing. As a result, the only allegations of operative facts which Christy presented are those contained in her motion and the memoranda supporting her motion. It would be generous to call anything in those documents an allegation of operative fact which demonstrates the motion is filed within a reasonable time. She states Herbert has retired and is receiving his pension and that he pays her $162.00 per month. She states he does not always pay her in a timely fashion. She states she "believes" he receives far more than the amount anticipated in the decree. While these statements may all be true, they do not show why Christy did not file the motion in a more timely manner, especially given the length of the delay. In addition, there are obvious proof problems in this case due to the length of the delay. Even though the divorce decree states the agreement was memorialized in the record, a transcript was not filed with this appeal, and presumably no longer exists due to the passage of time. As a result, the trial court would be forced to rely on parties' memories of events which occurred fifteen years ago.
 {¶ 25} Clearly, the length of the delay, the lack of explanation for the delay, and the proof problems which will arise out of the result of the delay weigh against granting Christy's Civ.R. 60(B) motion. This is even more true when we consider Herbert's second argument, that Christy's Civ.R. 60(B) motion failed to state a proper basis for relief from judgment. In this case the trial court could only grant relief from judgment pursuant to Civ.R. 60(B)(4) and (5) since the motion was not filed within a year of the judgment. Herbert argues Christy was not entitled to relief under Civ.R. 60(B)(4) because she had the opportunity to foresee the circumstances she is now using as the basis for the motion, namely that his pension's value would increase over time. He argues she is not entitled to relief under Civ.R. 60(B)(5) as the situation is not extraordinary and she cannot use this provision as a substitute for the grounds of relief found in Civ.R. 60(B)(1), (2), or (3).
 {¶ 26} Pursuant to Civ.R. 60(B)(4), a party may be entitled to relief from judgment if "the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." "The `* * * it is no longer equitable * * * clause' of Civ.R.60(B)(4) will not relieve a litigant from the consequences of his voluntary, deliberate choice to enter into a separation agreement in a dissolution of marriage proceeding." Knapp at paragraph two of the syllabus. "In other words, Civ.R. 60(B)(4) was not meant to offer a party a means to negate a prior finding that the party could have reasonably prevented." Cuyahoga Support Enforcement Agency v.Guthrie (1999), 84 Ohio St.3d 437, 443, 705 N.E.2d 318. If the rule were not interpreted in this way,
 {¶ 27} "litigants, armed with the knowledge that Civ.R. 60(B)(4) would relieve them of the consequences of their voluntary, deliberate choices, would be encouraged to litigate carelessly. Judgment winners would be unable to rely on their victories. Those financially able to do so could crush their less affluent adversaries under a pile of Civ.R. 60(B)(4) motions. All of this would be a subversion of judicial economy and an opening of the proverbial floodgates, causing Ohio's courts to drown in a sea of duplicative, never-ending litigation." Knapp at 145-146.
 {¶ 28} Other appellate districts have routinely stated that a party who complains the divorce decree does not reflect the in-court settlement between the parties is not entitled to relief under Civ.R. 60(B)(4). See Marquis v. Marquis (Jan. 8, 1999), 6th Dist. No. L-98-1185; Huffman v. Huffman (Oct. 30, 2001), 4th Dist. Nos. 00CA704, 01CA709. "Mrs. Huffman cannot rely upon Civ.R. 60(B)(4) [to make this sort of challenge] because the basis for the Civ.R. 60(B)(4), the pension her husband earned during the marriage, was foreseeable at the time of the divorce. * * * Thus, Mrs. Huffman had a opportunity to control the treatment of the pension in the divorce decree." Huffman at 4; see alsoGuthrie (Father who was aware of parentage proceedings against him and that genetic testing could have been performed, but ignored those initial proceedings cannot later use Civ.R. 60(B)(4) to challenge his paternity).
 {¶ 29} In this case, it was clearly foreseeable that Herbert may actually receive more from the pension than the amount the parties estimated at the time of the divorce decree. Christy had a reasonable opportunity at the time of the divorce to ensure the divorce decree accurately reflected the parties' agreement. This is, of course, tied into the timeliness of her motion. For instance, if it had been filed within a year of the judgment, then she could have argued the trial court made a mistake when drafting the entry. See Civ.R. 60(B)(1). However, this is not an adequate basis for granting relief from judgment pursuant to Civ.R. 60(B)(4).
 {¶ 30} For essentially the same reasons, it does not appear Christy may obtain relief pursuant to Civ.R. 60(B)(5). Civ.R. 60(B)(5) provides a party may obtain relief from judgment for "any other reason justifying relief from the judgment." This is a catch-all provision which applies only when a more specific provision does not apply. Strack at 174. However, the fact that it is a catch-all provision does not preclude the use of Civ.R. 60(B)(5) on operative facts different from and/or in addition to those contemplated by one of the more specific provisions of Civ.R. 60(B). Cerney v. Norfolk W. Ry. (1995), 104 Ohio App.3d 482,493, 662 N.E.2d 827. The grounds for invoking this catch-all provision should be substantial. Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, 66, 5 OBR 120, 448 N.E.2d 1365.
 {¶ 31} As Herbert argues in his brief, it appears Christy's complaint is really that the divorce decree is mistaken because it does not accurately reflect the agreement between the parties. Thus, her argument appears to be contained within Civ.R. 60(B)(1) which allows a judgment to be vacated due to "mistake, inadvertence, surprise or excusable neglect." Accordingly, Christy may not use Civ.R. 60(B)(5) to obtain relief from judgment.
 {¶ 32} Although the above analysis demonstrates why the trial court abused its discretion when it granted Christy's Civ.R. 60(B) motion for relief from judgment, this is merely reinforced by addressing Herbert's third argument, that Christy is not entitled to Civ.R. 60(B) relief because she has failed to demonstrate a meritorious defense to the divorce decree.
 {¶ 33} "A meritorious defense exists when the movant specifically alleges operative facts that support a defense to the judgment." Kadish,Hinkel Weibel Co., L.P.A. v. Rendina (1998), 128 Ohio App.3d 349,352, 714 N.E.2d 984. The movant bears the burden of demonstrating a meritorious defense. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20, 520 N.E.2d 564. In order to satisfy that burden, the movant must merely allege operative facts which would support a meritorious defense, not prove that he or she will prevail on that defense. Id.
 {¶ 34} Herbert first argues the trial court did not have jurisdiction to modify the property division provisions of the divorce decree, relying on case law from the 1970's and early 1980's. However, the Ohio Supreme Court has addressed this issue more recently. InWhitman, the parties entered into a separation agreement which provided it could be modified by court order. Subsequently, the parties were divorced and the agreement was incorporated into the divorce decree. Later, the wife made a Civ.R. 60(B) motion to modify the decree, arguing it failed to address certain property which needed to be divided. The trial court granted that motion and the appellate court reversed that decision. On appeal, the Ohio Supreme Court first noted that the statutes governing divorce allow for a modification of things such as child support following a divorce, but make no provision for the modification of property divisions. Regardless, it held a court does have jurisdiction to modify the property division provisions of a divorce decree when the parties have expressly agreed in a separation agreement that the agreement may be modified by court order and that agreement is incorporated into the divorce decree. Id. at paragraph one of the syllabus. However, it limited this holding to motions for modification brought under Civ.R. 60(B)(1), (2), and (3). "This limitation, in effect, provides permanency to any dissolution that has remained unchallenged for one year." Id. at 245. Without this kind of reservation and a timely, appropriate motion, both this and other appellate courts have routinely held courts do not have jurisdiction to modify the property division the parties have agreed to in a divorce. See Wolfe v. Wolfe (1976), 46 Ohio St.2d 399, 75 O.O.2d 474, 350 N.E.2d 413; Doolin v. Doolin (1997), 123 Ohio App.3d 296,299-300, 704 N.E.2d 51; Bean v. Bean (1983), 14 Ohio App.3d 358,361-362, 14 OBR 462, 471 N.E.2d 785; Grinder v. Grinder (Apr. 15, 2002), 5th Dist. No. 2001CA00317; Hall v. Forsyth (May 18, 2001), 2nd Dist. No. 18626; Haehn v. Haehn (May 8, 2001), 7th Dist. No. 00 CO 41.
 {¶ 35} In this case, it would not matter whether or not the parties made the reservation contemplated by Whitman in their separation agreement because the Civ.R. 60(B) motion was not made within a year of the divorce decree. Accordingly, the trial court would not have jurisdiction to modify the divorce decree whether or not the separation agreement was ambiguous. Thus, Christy did not allege sufficient facts to demonstrate a meritorious defense to the decree.
 {¶ 36} In conclusion, there is no reasonable basis upon which the trial court could have granted Christy's Civ.R. 60(B) motion for relief from judgment. In addition to the problems caused by the length of time between the judgment entry and the motion, Christy failed to either state a basis for relief under the rule or present the court with a meritorious defense to the decree. Therefore, we reverse the trial court's decision to the extent that it modified the parties' divorce decree. However, we still note the trial court is allowed to issue a QDRO on remand as long as that QDRO does not modify the original divorce decree. Accordingly, we remand this case for further proceedings.
Vukovich and Donofrio, JJ., concur.