OPINION
{¶ 1} Denise A. Gursky ("Denise") appeals the December 23, 2002 judgment entry of the Portage County Court of Common Pleas adopting the magistrate's decision of July 30, 2002, granting Frank G. Gursky's ("Frank") Civ.R. 60(B) ("Rule 60[B]") motion and striking a clause in the divorce decree. For the reasons set forth below, we affirm the decision of the trial court in this matter.
 {¶ 2} Denise filed for divorce on November 3, 2000. On March 26, 2001, Denise and Frank, along with their respective attorneys, appeared before the court for the final hearing on the divorce. Prior to this hearing, the parties finalized a divorce agreement. One of the contested issues in the divorce negotiations was the educational expenses of the parties' child. The agreement was read into the record at the March 26, 2001 hearing. Per the consent of both parties, the agreement omitted the clause regarding the child's education expenses.
 {¶ 3} Barbara Oswick ("Oswick"), Denise's attorney, agreed to draft the agreement as read into the record so it could be filed with the court. The court scheduled a hearing on June 19, 2001, because a judgment entry of divorce had not been filed. At least once prior to the hearing, Richard Marks ("Marks"), Frank's attorney, received a copy of Oswick's proposed judgment entry. The judgment entry differed in two aspects to the agreement read into the record: 1) there was a discrepancy of approximately $20,000 in the calculation of the property division, and 2) there was additional language regarding the education expenses for the parties' child ("the education clause"). The education clause read as follows:
 {¶ 4} "Plaintiff and Defendant agree that Shannon has benefited from a private education, and to the extent each is able, the parties agree to share equally the cost of a private education for Shannon. It is anticipated Shannon will continue with her education beyond high school. The parties agree, to the extent each is able, to share equally the costs of Shannon's college or trade school education."
 {¶ 5} Marks was unable to attend the June 19, 2001 hearing because of recent back surgery. That morning, however, Marks contacted the court to inform the judge that Marks would be unable to attend the hearing and that the judgment entry Oswick was going to produce at the hearing was inaccurate. Marks further explained to the court that he had just received the notice of the hearing the day prior and that he had just undergone surgery. Marks, therefore, stated that he felt it would be unfair to proceed with the hearing.
 {¶ 6} Despite Marks' conversation with the court about his concerns, the hearing went ahead as scheduled. The judgment entry, as drafted by Oswick, was submitted to and accepted by the court at the June 19, 2001 hearing without the presence of either Frank or Marks. Marks received a time-stamped copy of the judgment entry on June 25, 2001.
 {¶ 7} On October 22, 2001, Denise filed a motion for contempt requesting that Frank show cause why he should not be held in contempt for failing to pay tuition. Frank filed a motion for relief from judgment based on "fraud and/or misrepresentation" on March 4, 2002. The trial court held an evidentiary hearing regarding Frank's motion on July 2, 2002.
 {¶ 8} Marks testified at the evidentiary hearing. He stated that although he received a draft copy of the judgment entry from Oswick prior to the June 19, 2001 hearing, he did not notice the education clause in his copy. Marks explained that he did not notice the insertion of the education clause because he never read past the $20,000 calculation error, which occurred on a preceding page of the draft.
 {¶ 9} On July 30, 2002, the magistrate issued a decision granting Frank's motion for relief from judgment and striking the education clause from the divorce decree. Denise timely filed objections to the magistrate's decision. The trial court overruled Denise's objections and adopted the magistrate's decision on December 23, 2002.
 {¶ 10} Denise timely commenced this appeal and raises the following assignments of error:
 {¶ 11} "[1.] A motion for relief from judgment cannot be a substitute for an appeal.
 {¶ 12} "[2.] The magistrate's finding of misrepresentation is erroneous and contrary to the facts.
 {¶ 13} "[3.] It was reversible error for the trial court to grant appellee's 60(B) motion without a showing of timeliness.
 {¶ 14} "[4.] It was reversible error for the trial court to hold that the provision requiring educational payment for the child was void."
 {¶ 15} Denise's first three assignments of error challenge the trial court's decision to grant Frank's Rule 60(B) motion. Thus, these three assignments of error will be considered together.
 {¶ 16} Denise argues that the trial court's decision granting the Rule 60(B) motion was in error because (1) a Rule 60(B) motion is not a substitute for an appeal, (2) there was no presence of fraud or misrepresentation because Marks had knowledge or should have had knowledge of the existence of the education clause, and 3) the motion was not timely filed because Frank had knowledge of the presence of the education clause nine months prior to the filing of the Rule 60(B) motion.
 {¶ 17} To succeed on a Rule 60(B) motion, the movant must demonstrate that: 1) the movant has a meritorious defense or claim if relief were granted; 2) the movant is entitled to relief under Rule 60(B)(1), (2), (3), (4) or (5); and 3) the motion is made within a reasonable time, not to exceed one year where the grounds for relief are Rule 60(B)(1), (2) or (3). GTE Automatic Elec., Inc. v. ARC Indus., Inc.
(1976), 47 Ohio St.2d 146, 150-151. Rule 60(B) "seeks a balance between the need for finality and the need for fair and equitable decisions based upon full and accurate information." In re Whitman, 81 Ohio St.3d 239,242, 1998-Ohio-466. As a remedial rule, Rule 60(B) is to be liberally construed. Colley v. Bazell (1980), 64 Ohio St.2d 243, 248.
 {¶ 18} The determination of whether to grant a movant's Rule 60(B) motion is within the discretion of the trial court, Whitman,81 Ohio St.3d at 242, and will not be overturned absent an abuse of discretion.Taylor v. Haven (1993), 91 Ohio App.3d 846, 849; McCann v. Lakewood
(1994), 95 Ohio App.3d 226, 235. An abuse of discretion consists of morethan an error of law or judgment, rather it implies that the court'sattitude is unreasonable, arbitrary or unconscionable. Berk v. Matthews(1990), 53 Ohio St.3d 161, 169. Reversal, under an abuse of discretionstandard, is not warranted merely because appellate judges disagree withthe trial judge or believe the trial judge erred. Id. Rather, reversal isappropriate only if the abuse of discretion renders "the result ***palpably and grossly violative of fact and logic [so] that it evidencesnot the exercise of will but perversity of will, not the exercise ofjudgment but defiance thereof, not the exercise of reason but rather ofpassion or bias." (Citation omitted.) State v. Jenkins (1984),15 Ohio St.3d 164, 222.
 {¶ 19} Relief from judgment pursuant to Rule 60(B) is not available as a substitute for an appeal. Blasco v. Mislik (1982),69 Ohio St.2d 684, 686, citing Colley, 64 Ohio St.2d at 248; Dahl v.Kelling (1986), 34 Ohio App.3d 258, 259. When the grounds upon which relief is sought do not concern the merits of the case, however, relief pursuant to Rule 60(B) is appropriate. See Blasco, 69 Ohio St.2d at 686;Manigault v. Ford Motor Co. (1999), 134 Ohio App.3d 402, 412.
 {¶ 20} Merits is defined as "[t]he elements or grounds of a claim or defense; the substantive considerations to be taken into account in deciding a case, as opposed to extraneous or technical points ***." Black's Law Dictionary (7th Ed. 2000). Frank asserts that the inclusion of the education clause was the result of "fraud and/or misrepresentation" on the part of Denise in presenting the judgment entry as the agreed divorce decree. These grounds do not concern the merits of the divorce. See LaBonte v. LaBonte (1988), 61 Ohio App.3d 209, 220
(finding that a judgment entry that was not an accurate reflection of the agreement read into record and accepted by the trial court "may justify relief from a resulting judgment, pursuant to Civ.R. 60(B)(3)"). Thus, as long as Frank meets all the requirements of Rule 60(B) as enumerated inGTE Automatic, he is entitled to relief.
 {¶ 21} Denise does not claim that Frank does not have a meritorious defense. Rather, Denise argues that there was no existence of fraud or misrepresentation and that the Rule 60(B) motion was not timely. We will, therefore, only address these two issues.
 {¶ 22} The trial court based its finding of misrepresentation on the following:
 {¶ 23} "The clause pertaining to the child's education expenses was not read into the record as part of the parties settlement agreement. At no time subsequent to the final hearing did the parties [sic] attorneys discuss the education clause. Neither the Defendant [n]or his attorney ever agreed to the education provision. The final copy of the judgment entry of divorce was never seen by the Defendant, or his attorney, before being filed with the Clerk. Neither the Defendant [n]or his attorney signed the agreed entry of divorce. ***
 {¶ 24} "The Divorce Decree that was presented by counsel for the Plaintiff, without the consent of the Defendant or his counsel, did not represent the parties agreement and was a misrepresentation to the Court. ***"
 {¶ 25} A settlement agreement voluntarily accepted by both parties, read into the record and adopted by the court is a binding divorce decree. Thomas v. Thomas (1982), 5 Ohio App.3d 94, 98-99. Thus, when one party assumes responsibility for reducing the agreement as read into the record to writing, any discrepancy between the agreement as read into the record and the judgment entry purportedly reducing the agreement to writing is arguably a misrepresentation to the court. To hold otherwise, would promote the tactic of inserting different language and additional provisions in a judgment entry that were not part of the initial binding settlement agreement in the hope that the opposing party will overlook it.
 {¶ 26} Moreover, this court will not encourage such deceptive tactics on the part of counsel. "Attorneys assume a `position of public trust' and are in a `position of responsibility to the law itself, and any disregard thereof by him is much more heinous than that by a layman.'" Disciplinary Counsel v. Klaas, 91 Ohio St.3d 86, 87,2001-Ohio-276, quoting Cincinnati Bar Assn. v. Shott (1967),10 Ohio St.2d 117, 131. Attorneys also maintain a position of trust with the court, see Application of Davis (1974), 38 Ohio St.2d 273, 274, and opposing counsel. See Ohio Code of Prof. Resp., EC 7-37.
 {¶ 27} In this case, the fact that Frank was given a draft copy of the judgment entry does not, in itself, negate the misrepresentation to the court. Frank did not receive a final copy of the judgment entry prior to the June 19, 2001 hearing. Moreover, after the March 26, 2001 hearing, the parties neither discussed nor agreed to include the education clause in the judgment entry. Further, Frank never signed the judgment entry submitted to the court. It must also be noted that Denise fails to cite any authority holding that her conduct does not constitute misrepresentation. We, therefore, cannot find that the trial court's determination that insertion of the education clause was a misrepresentation on the court was unreasonable, arbitrary or unconscionable.
 {¶ 28} Denise's last argument to support her claim that the trial court erred in granting Frank's Rule 60(B) motion is that the motion was not filed within a reasonable time. Because the grounds upon which relief was sought in this case were "fraud and/or misrepresentation," the motion was required to be filed within a reasonable time, not to exceed one year. Civ.R. 60(B). "While a party may have a possible right to file a motion to vacate judgment up to one year after the entry of judgment, the motion is also subject to the `reasonable time' provision." Adomeit v.Baltimore (1974), 39 Ohio App.2d 97, 106. The movant has the burden ofdemonstrating that the motion is filed within a reasonable time. Foutsv. Weiss-Carson (1991), 77 Ohio App.3d 563, 566.
 {¶ 29} Denise claims that because Frank purportedly had knowledge of the education clause nine months prior to filing the motion, the timeliness of the motion was not reasonable. In determining reasonableness, however, "the trial court *** is in a far better position to weigh all the facts and circumstances, including the knowledge and opportunities available to appellants and the prejudice, if any, to appellee that would result from vacating the final order in his favor."Whitt v. Bennett (1992), 82 Ohio App.3d 792, 798. This court, therefore,must not substitute its own judgment for that of the trial court. Berk,53 Ohio St.3d at 169. Thus, considering the facts of this case, asdiscussed above, and the public policy regarding an attorney's positionof trust, this court finds that the trial court did not abuse itsdiscretion in determining that the motion for relief filed approximatelynine months after the date of judgment was reasonable. See Maffucci v.Maffucci (Dec. 26, 1986), 11th Dist. No. 1277, 1986 Ohio App. LEXIS9626, at *5 ("Appellant's motion was made approximately ten months afterthe trial court granted its judgment in the instant case, which weconclude was a reasonable time."); McSweeney v. McSweeney (1996),112 Ohio App.3d 355, 358 ("The trial court had the discretion to findeleven months to be a reasonable time."); Clymer v. Clymer (Sept. 10, 1991), 10th Dist. No. 91AP-438, 1991 Ohio App. LEXIS 4298, at *7 (upholding the trial court's decision to grant relief when the motion for relief was filed eleven months after the movant discovered the existence of the grounds for relief).
 {¶ 30} For these reasons, this court finds that the trial court did not abuse its discretion in granting Frank's Rule 60(B) motion. Denise's first three assignments of error are, therefore, overruled.
 {¶ 31} In her fourth assignment of error, Denise "argues that the education clause is not per se unenforceable" even though it "lacks clarity." In essence, Denise attacks the propriety of the trial court's decision striking the education clause from the divorce decree.
 {¶ 32} "[W]hen reviewing the propriety of a trial court's determination in a domestic relations case," the appellate court will not overrule the trial court's decision absent an abuse of discretion. Boothv. Booth (1989), 44 Ohio St.3d 142, 144. As noted above, an abuse ofdiscretion consists of more than an error of law or judgment, rather itimplies that the court's attitude is unreasonable, arbitrary orunconscionable. Berk, 53 Ohio St.3d at 169.
 {¶ 33} The trial court found that the language of the education clause rendered the clause "ambiguous, subjective, arbitrary, and litigious ***." As a result, the trial court ruled that the education clause was unenforceable. Its decision was predicated on the fact that the "phrase `to the extent that each is able' constitutes no judicially measurable standard of conduct." The trial court stated that the phraseology of the education clause could potentially raise various issues:
 {¶ 34} "Are the parties allowed to buy new vehicles, can they go on vacation and how much should they spend on groceries ***. What I might sacrifice for my child's education may not be what everyone would sacrifice for their child's education."
 {¶ 35} This court agrees with the trial court that the language of the education clause is ambiguous and subjective. Normally, a trial court has broad discretion to clarify an ambiguous clause in a divorce decree by considering the intent of the parties and the equities involved.Weller v. Weller (1996), 115 Ohio App.3d 173, 179. In this case, however, the intent of the parties was clear, the clause was not to be inserted in the divorce decree. The education clause was the source of contentious negotiations and, ultimately, the settlement agreement read into the record explicitly omitted this clause. The education clause was inserted in the judgment entry only as a result of the misrepresentation of Denise. Thus, in consideration of the mutual intent of the parties, striking the education clause from the divorce decree was not unreasonable, arbitrary or unconscionable.
 {¶ 36} Denise's fourth assignment of error is, therefore, overruled.
 {¶ 37} For the foregoing reasons, we conclude that the trial court did not abuse its discretion in granting Frank's Rule 60(B) motion. We further conclude that the trial court did not abuse its discretion in striking the education clause from the divorce decree. Thus, we hold that Denise's assignments of error are without merit. The decision of the Portage County Court of Common Pleas is affirmed.
Judgment affirmed.
WILLIAM M. O'NEILL and CYNTHIA WESTCOTT RICE, JJ., concur.