DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Beneficial Mortgage Co. of Ohio, nka Beneficial Ohio, Inc., appeals the judgment of the Lorain County Court of Common Pleas, which denied appellant's motion for relief from judgment. This Court affirms.
 I. {¶ 2} On June 10, 2003, appellee, Marian Flores, filed a complaint against appellant and The Central National Life Insurance Company of Omaha ("CNLI"). Appellee alleged that she entered into a series of mortgage loan agreements with appellant beginning in July 1995 and that appellant sold her a policy of credit life and disability insurance through CNLI. Appellee alleged that she became fully and permanently disabled in July 1996 and that both appellant and CNLI denied her claim under the credit life and disability policy. In the first count of the complaint, appellee alleged that appellant and CNLI breached the terms of the insurance policy by refusing either to apply the insurance proceeds to the mortgage indebtedness or pay the proceeds to appellee. In the second count of the complaint, appellee alleged that appellant breached its fiduciary duty and constructively defrauded her, when appellant advised her that she had disability coverage, accepted appellee's insurance premium payment, yet denied her coverage under the disability policy.
 {¶ 3} Appellee failed to attach a copy of the credit life and disability insurance policy to her complaint. In addition, appellee failed to attach copies of the mortgage loan agreements to her complaint, although those agreements are in the record as exhibits admitted at a subsequent default hearing. A review of the mortgage loan agreements indicates that, while appellee was obligated to "[k]eep the goods, chattels and improvements to the Property fully insured from loss by fire or other hazards and casualties * * *," there is no reference to any policy of credit life and disability insurance. An itemized billing statement from appellant to appellee indicates that appellant billed appellee for disability insurance in addition to loan principal, finance charges and life insurance.
 {¶ 4} Appellee attempted to serve appellant with her complaint at the address indicated in the mortgage loan documents. Service of the complaint on appellant initially failed, the certified mail having been returned marked "forwarding order expired" and "not deliverable as addressed." The trial court ordered appellee to request that the clerk serve appellant at a correct address. Appellee requested that the clerk issue alias summons on appellant at one of appellant's branch offices in the same city. Certified mail service on appellant was perfected on September 3, 2003. Appellant failed to timely file an answer.
 {¶ 5} Although appellee asserts that she filed a motion for default judgment, the record does not contain any such motion, nor does the docket reflect that such motion was filed. Presumably appellee orally requested default judgment; and on January 8, 2004, the trial court issued a notice to appellant of a default hearing scheduled for February 24, 2004. Appellant failed to appear for default hearing, at which the trial court heard evidence on the propriety of the motion and damages. On February 27, 2004, the trial court issued a judgment entry granting default judgment in favor of appellee and against appellant and CNLI jointly and severally and awarding damages to appellee in the amount of $54,754.00, plus interest. Because the trial court directed the clerk's office to serve a copy of the judgment entry on all parties not in default, appellant presumably did not receive a copy of the default judgment entry.
 {¶ 6} On March 4, 2004, the case was taxed and a bill was sent to both appellant and CNLI.
 {¶ 7} On June 23, 2004, appellee filed a motion for personal examination of judgment debtor, requesting that the trial court order appellant to appear before the court and answer under oath regarding its property. On August 10, 2004, the trial court issued an order directing appellant to appear in court on September 14, 2004 and answer under oath concerning its property. The trial court's order was personally served on appellant on August 17, 2004 by a deputy sheriff.[1] Appellant failed to appear for the debtor's examination. Appellee thereafter attached appellant's property in pursuit of satisfaction of the default judgment.
 {¶ 8} On January 20, 2004, appellant entered its first appearance through counsel and filed a motion for relief from judgment pursuant to Civ.R. 60(B), requesting that the trial court vacate the default judgment and permit appellant to file an answer. The trial court scheduled the matter for hearing. After hearing, the trial court issued a judgment entry on March 7, 2005, denying appellant's motion for relief from judgment. The trial court found that appellant failed to show that it had a meritorious defense if relief were granted, that appellant was not entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and that appellant had not filed its motion within a reasonable time. Appellant timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT."
 {¶ 9} Appellant argues that the trial court erred in denying its motion for relief from judgment, pursuant to Civ.R. 60(B). This Court disagrees.
 {¶ 10} The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of the discretion. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 11} Civ.R. 60(B) states, in relevant part,
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment order or proceeding was entered or taken."
 {¶ 12} To prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that
"(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken."GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
The moving party's failure to satisfy any of the three requirements will result in the motion being overruled. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
 {¶ 13} The motion and supporting documents, if any, must contain operative facts which demonstrate the timeliness of the motion, the reasons for seeking relief, and the movant's defense.Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, paragraph two of the syllabus.
"If the material submitted by the movant in support of a motion for relief from judgment under Civil Rule 60(B) contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to overrule the motion * * *." Id. at paragraph four of the syllabus.
 {¶ 14} Appellant argued in its motion for relief from judgment and at hearing that the trial court should vacate the default judgment pursuant to Civ.R. 60(B)(1) and (5), because the complaint failed to state a claim against it and because its failure to file an answer was due to excusable neglect. In addition, appellant argued that it has a meritorious defense to appellee's claims.
 {¶ 15} In this case, this Court need not reach the questions of whether appellant alleged any meritorious defense or may be entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), because appellant failed to satisfy the timeliness prong of the GTE test. See Cooper v. Cooper (Nov. 4, 1998), 9th Dist. No. 2741-M. "[T]he burden is on the moving party to justify any delays in submitting the request for relief." Id., quoting La Pointe v. Ohio Freight Forwarders
(Nov. 13, 1991), 9th Dist. No. 15083. This Court has further adopted the Eleventh District's explanation of this burden:
"the movant has the burden of proof, and `must submit factual material which on its face demonstrates the timeliness of the motion.' * * * To sustain this burden, `good legal practice dictates that the movant * * * present allegations of operative facts to demonstrate that he is filing his motion within a reasonable period of time.'" (Citations omitted, alterations sic.) Cooper, supra, quoting Adomeit, 39 Ohio App.2d at 103.
In the absence of such a demonstration, appellant will have failed to meet his burden and denial of the motion for relief from judgment for the reason that it was untimely would be appropriate. Id.
 {¶ 16} Appellant filed its motion for relief from judgment almost ten months after the trial court issued the default judgment entry. Appellant was notified of the default hearing, yet failed to appear. The clerk's office sent appellant a bill taxing costs to appellant five days after the trial court granted default judgment in favor of appellee and against appellant. In addition, appellant received personal service of the trial court's order granting appellee's motion for an order in aid of execution of the judgment and the notice for appellant to appear and answer under oath concerning its property almost six months after the trial court issued the default judgment entry. Appellant did not enter an appearance in the case or file its motion for relief from judgment for more than four months after it received notice to appear at the debtor's examination. Evidence adduced at hearing on the 60(B) motion indicates that appellant failed to make any effort to participate in the case until after appellee attached appellant's property in an effort to execute her judgment. Appellant failed to offer any reason for its failure to earlier participate in the matter before the trial court, notwithstanding the various notices of pending proceedings served upon and received by appellant. Additional evidence adduced at hearing indicates that appellee had repeatedly contacted appellant in efforts to resolve the matter short of litigation over the course of several years, yet appellant failed to respond to appellee's communications. Under the circumstances, where appellant was properly served with the complaint, received notice of the default hearing, received a bill assessing costs of the action and notice of the debtor's examination months after the entry of default, yet only took action in regard to this matter upon appellee's attachment of appellant's property, this Court finds that the trial court did not abuse its discretion in finding that appellant failed to file its motion for relief from judgment within a reasonable time. Accordingly, the trial court did not abuse its discretion when it denied appellant's motion for relief from judgment. Appellant's assignment of error is overruled.
 III. {¶ 17} Appellant's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, P.J. Moore, J. concur
[1] The deputy delivered the order to Michele Pawlak, one of appellant's senior account executives.