DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Waldman Financial, appeals from the judgment of the Summit County Court of Common Pleas that granted the motion to vacate of Appellee, Digital Color Imaging, Inc. We reverse.
 I. {¶ 2} On March 3, 2005, Appellant filed a complaint on a promissory cognovit note against Appellee for its failure to adhere to terms of the note. An answer confessing judgment was also filed on March 3, 2005, on behalf of Appellee, through a warrant of attorney. On the same date, the trial court entered judgment in favor of Appellant for the unpaid principal, interest, penalties, and attorney fees. Thereafter, Appellant obtained a certificate of judgment on March 8, 2005 and initiated garnishment proceedings against Appellee on April 20, 2005.
 {¶ 3} On September 28, 2005, Appellee moved to vacate the judgment pursuant to Civ.R. 60(B), asserting the judgment on the cognovit note was a mistake and the judgment was satisfied. Both parties fully briefed the issues raised in the motion to vacate. Based solely on the parties' briefs, the trial court granted Appellee's motion to vacate. The trial court also set the matter for an oral hearing regarding Appellee's "arguments related to the transfer of DSI Direct Sales, Inc. and the inclusion of the $100,000 fee in the original judgment."
 {¶ 4} Appellant timely appealed, asserting two assignments of error for review.
 II. A. First Assignment of Error
"THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT THE MOTION TO VACATE WAS TIMELY FILED."
 {¶ 5} In its first assignment of error, Appellant asserts that Appellee did not provide any reasons for its seven month delay in filing the motion to vacate, nor did the trial court state its reasoning for finding Appellee's motion timely. Appellant argues that Appellee failed to meet its burden of proof under Civ.R. 60(B) as it did not provide any explanation for the seven-month delay in filing the motion to vacate. Further, Appellant argues that the trial court's conclusory statement that it "finds that [Appellee's] motion was brought before the court in a timely manner" is without evidentiary support[1] and amounts to an abuse of discretion. We agree.
 {¶ 6} The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. Strack v. Pelton, 70 Ohio St.3d 172, 174,1994-Ohio-107. An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med.Bd, 66 Ohio St.3d 619, 621, 1993-Ohio-122.
 {¶ 7} Civ.R. 60(B) states, in relevant part,
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
Civ.R. 60(B) is the procedural tool used to vacate all judgments, including cognovit notes. Adomeit,39 Ohio App.2d at 101.
 {¶ 8} A party may challenge a judgment under Civ.R. 60(B) by showing: (1) the party has a meritorious defense or claim; (2) a circumstance arises under Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. GTE Automatic Elec., Inc. v.ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If a party fails to prove any of these three elements, then the trial court must deny the motion. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
 {¶ 9} However, the movant's burden is lessened when a party attempts to vacate judgment on a cognovit note. See SocietyNatl. Bank v. Val Halla Athletic Club Recreation Ctr., Inc.
(1989), 63 Ohio App.3d 413, 418. A cognovit note is a "legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney designated by the holder." Medina Supply Co., Inc. v. Corrado
(1996), 116 Ohio App.3d 847, 850, quoting D.H. Overmyer Co. v.Frick Co. (1972), 405 U.S. 174, 176, 31 L.Ed.2d 124. A cognovit note effectively eliminates the debtor's opportunity to be heard before judgment is rendered. See G.W.D. Ents., Inc. v. DownRiver Specialties, Inc. (May 24, 2001), 8th Dist. No. 78291, at *2. Due to the special circumstances involving a cognovit note, the movant only needs to assert that the motion was timely and that there is a meritorious defense. Medina Supply Co., Inc.,116 Ohio App.3d at 850-51. When a motion for relief from judgment of a cognovit note "is pursued in a timely manner and in light of a proper allegation of a meritorious defense, any doubt should be resolved in favor of setting aside the judgment so that the case may be decided on the merits." Bank One, NA v. SKRL Tool Die,Inc., 11th Dist. No. 2003-L-048, 2004-Ohio-2602, at ¶ 16, quoting Advanced Clinical Mgt., Inc. v. Salem Chiropractic Ctr.,Inc., 5th Dist. No. 2003CA00108, 2004-Ohio-120, at ¶ 16.
 {¶ 10} The requirement of timely filing a motion for relief ensures finality in all cases. S. Ohio Coal Co. v. Kidney
(1995), 100 Ohio App.3d 661, 670. Civ.R. 60(B) sets forth a two-part standard for the timely filing of a motion for relief from judgment: "within a reasonable time, and * * * not more than one year after the judgment." While the movant may have up to one year from the date of the judgment to file a motion to vacate, the movant is also bound by the "reasonable time" provision.Adomeit, 39 Ohio App.2d at 106. Accordingly, "a motion may be filed within 1 year under Civil Rule 60(B) but still may not be considered within a `reasonable time.'" Id.; Haley v. Haley,
9th Dist. No. 20720, 2002-Ohio-1976, at *2 (holding "unjustified delays of various amounts less than a year were untimely.").
 {¶ 11} It is the movant's burden of proof to present factual material that on its face establishes the timeliness or justifies delays in filing the motion to vacate. Haley, at *2-3. In order to sustain this burden, "good legal practice dictates that the movant * * * present allegations of operative facts to demonstrate that he is filing his motion within a reasonable period of time." Adomeit, 39 Ohio App.2d at 103. However, "[i]n the absence of any explanation for the delay in filing the Civ.R. 60(B) motion, the movant has failed to meet his burden of establishing timeliness of his motion" and the motion to vacate should be denied. Youssefi v. Youssefi (1991),81 Ohio App.3d 49, 53, citing Old Phoenix Natl. Bank v. Sandler (1984),14 Ohio App.3d 12, 14; See Flores v. Beneficial Mtge. Co. of Ohio,
9th Dist. No. 05CA008692, 2006-Ohio-393, at ¶ 15.
 {¶ 12} At the trial level, both Appellee and Appellant extensively briefed the motion to vacate. Their briefs, with supporting affidavits and documentation, focused heavily on the existence of various meritorious defenses. The parties' briefs contained a limited discussion regarding the timeliness of the motion to vacate.
 {¶ 13} In fact, Appellee's motion to vacate made no mention of the timeliness of its motion. Appellant briefly addressed the issue of timeliness in footnote three of its memorandum in opposition: "3Regarding the third prong of the GTE test, while DCI brought its motion within the absolute one-year deadline, it is questionable whether the motion was filed within `a reasonable time.'"
 {¶ 14} The first, and only time, Appellee addressed the issue of timeliness was in its reply brief. Appellee simply made the inaccurate and broad generalization that "DCI assert[ed] and Waldman fail[ed] to oppose that [DCI's] motion was filed timely." Appellant's surreply pointed out the error of Appellee's statement and went on to address Appellee's failure to timely file despite Appellee's knowledge of the judgment and garnishment proceedings.
 {¶ 15} Appellee's single blanket statement in its response brief that the motion was timely does not adequately satisfy the timeliness requirement of Civ.R. 60(B). Appellee did not provide the trial court with any explanation or factual support for why its seven month delay in filing the motion to vacate was "reasonable."
 {¶ 16} However, Appellee attempts to argue at the appellate level that the delay in filing its motion to vacate was due to its ongoing settlement negotiations with Appellant. "Depending upon the circumstances, the carrying on of settlement negotiations may extend the time normally considered reasonable in the initiation of a challenge to a cognovit note." CautelaBros. Cement Contr. v. McFadden (1972), 32 Ohio App.2d 329, 332.
 {¶ 17} Our review of this matter is limited to the record as it existed at the time of judgment. State v. Warner (Dec. 1, 1999), 9th Dist. No. 19175, at *5. The trial court record is void of any indication of settlement negotiations. The phrase "settlement negotiations" does not appear in either parties' briefs from the trial court. Nor is there any reference to activities that constitute settlement negotiations. Appellee's actions of making a voluntary payment and entering a stipulated order to release garnished funds do not equate to settlement negotiations.
 {¶ 18} The record below does not support Appellee's argument regarding settlement negotiations. While settlement negotiations may be a valid defense, Appellee may not avail itself to this defense. Appellee's failure to raise this issue at the trial court resulted in a waiver of the issue for appeal. See Akron exrel. Christman-Resch v. Akron, 159 Ohio App.3d 673, 686,2005-Ohio-715.
 {¶ 19} Accordingly, Appellee failed to meet its burden of proof as to the timeliness of its motion to vacate. As Appellee failed to meet the timeliness requirement, Appellee's motion to vacate should have been denied. Rose Chevrolet, Inc.,36 Ohio St.3d at 20. Therefore, the trial court abused its discretion in finding Appellee's motion timely and granting the motion to vacate. Appellant's first assignment of error is sustained.
 B. Second Assignment of Error
"THE TRIAL COURT ERRED WHEN IT VACATED — RATHER THAN SUSPENDED — THE COGNOVIT JUDGMENT PENDING A HEARING ON THE MOTION."
 {¶ 20} In its second assignment of error, Appellant asserts that the trial court prematurely vacated the cognovit note. Appellant argues that before the trial court could rule on the pending motion to vacate, it was required to hold an evidentiary hearing on the conflicting evidence to determine if Appellee had a meritorious defense. In light of our disposition of the prior assignment of error, we decline to address this assignment of error as it has been rendered moot. See App.R. 12(A)(1)(c).
 III. {¶ 21} Appellant's first assignment of error is sustained. The second assignment of error is not addressed as being moot. The judgment of the Summit County Court of Common Pleas is reversed.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Whitmore, P.J. Moore, J. concur.
[1] There is no requirement in the Rules of Civil Procedure that a trial court provide a reason for either granting or denying a motion to vacate. Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 104. However, it is good practice for the trial court to set forth its reasoning in order to ensure a complete record and to assist the appellate court in its determination of whether the trial court has acted within its discretion. Id.