DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Paul Marthers, appeals from the judgment of the Lorain County Court of Common Pleas that granted the motion for relief of Appellee, Columbus Dunn. We affirm.
 I. {¶ 2} On August 23, 2002, Appellee filed a pro se complaint on his and his daughter's behalf alleging negligence by Appellant and State Farm Auto Insurance. The underlying alleged negligence arose from an automobile accident occurring two years prior. Appellee and his daughter subsequently amended the complaint to include his own automobile insurance company, State Auto. Each of the parties timely filed their respective answers. Five months later, Appellee filed a voluntary dismissal as to State Auto only.
 {¶ 3} On May 22, 2003, State Farm filed a Civ.R. 12(B)(6) motion to dismiss. Appellee filed his brief in opposition and the trial court denied State Farm's motion to dismiss. In response to the denial of its motion to dismiss, State Farm filed a motion for reconsideration to which Appellee did not respond. Sixteen months later, the trial court granted State Farm's motion for reconsideration and motion to dismiss. The trial court's October 15, 2004 Order mistakenly disposed of the entire case by dismissing State Farm and Appellant Marthers. Four months later, on February 14, 2005, the trial court sua sponte entered a nunc pro tunc order changing the dismissal to without prejudice.
 {¶ 4} On September 21, 2005, Appellee, with the assistance of counsel, filed a motion for a nunc pro tunc order to correct the October 15, 2004 Order to reflect the dismissal as being applicable to State Farm only and reinstating the case against Appellant. At the oral hearing on the motion, the trial court granted Appellee's oral motion to add a Civ.R. 60(B) motion. Appellee filed his Civ.R. 60(B) motion and Appellant timely responded. Upon review of the briefs, the trial court granted Appellee's motion for relief. The trial court vacated the October 15, 2004 Order with respect to the dismissal of Appellant only. The dismissal of State Farm remained in effect. The underlying case was reinstated with Appellant as the sole remaining defendant.
 {¶ 5} Appellant timely appealed, asserting one assignment of error for review.
 II. "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED [APPELLEE'S] MOTION FOR RELIEF FROM JUDGMENT [.]" {¶ 6} In his sole assignment of error, Appellant asserts two issues. First, Appellant alleges that there were not substantial grounds justifying relief under Civ.R.60(B)(5). Additionally, Appellant alleges that Appellee's Civ.R. 60(B) motion was untimely and used solely as a means to circumvent the appeal process. Appellant argues that Appellee cannot justify the almost one year delay in filing the Civ.R. 60(B) motion on his status as a pro se litigant. Further, Appellant claims that the trial court lacked jurisdiction to sua sponte file the February 14, 2005 Nunc Pro Tunc Order and to entertain Appellee's subsequent 60(B) motion. Lastly, Appellant alleges that Appellee failed his burden of proof regarding the timeliness of the Civ.R. 60(B) motion. We disagree.
 {¶ 7} The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) lies in the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. An abuse of discretion is more than an error of law or judgment, but rather, it is a finding that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621.
 {¶ 8} Civ.R. 60(B) states, in relevant part,
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
This is a procedural tool used to vacate all judgments.Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 101. Civ.R. 60(B) "seek[s] a balance between the need for finality and the need for fair and equitable decisions based upon full and accurate information." Gursky v. Gursky, 11th Dist. No. 2003-P-0010, 2003-Ohio-5697, at ¶ 17, quoting In re Whitman
(1998), 81 Ohio St.3d 239, 242.
 {¶ 9} A party may challenge a judgment under Civ.R. 60(B) by showing: (1) the party has a meritorious defense or claim; (2) a circumstance arises under Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. GTE Automatic Elec., Inc. v.ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If the moving party fails to prove any of these three elements, then the trial court must deny the motion, otherwise it is an abuse of discretion. Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20; Technical Serv. Co. v.Trinitech Internatl., Inc., 9th Dist. No. 21648, 2004-Ohio-965, at ¶ 11, citing Mitchell v. Mill Creek Sparkle Market, Inc.
(June 29, 1999), 7th Dist. No. 97CA230, at *2.
1. Relief under Civ.R. 60(B)(5)
 {¶ 10} Upon a motion pursuant to Civ.R. 60(B)(5), a trial court may vacate an order due to "any other reason justifying relief from the judgment." This is generally referred to as the "catch-all provision" allowing a court to "relieve a person from the unjust operation of a judgment." State ex rel. Gyurcsik v.Angelotta (1977), 50 Ohio St.2d 345, 346. While Civ.R. 60(B)(5) is a catch-all provision, "[i]t is not to be used as a substitute for any of the other more specific provisions of Civ.R.60(B)."Taylor v. Haven (1993), 91 Ohio App.3d 846, 849. The application of Civ.R. 60(B)(5) to vacate a judgment requires substantial grounds to be present. Id., citing Caruso-Ciresi,Inc. v. Lohman (1983), 5 Ohio St.3d 64, 66. An example of substantial grounds justifying relief under Civ.R. 60B(B)(5) are court errors and omissions affecting a party's ability to pursue a cause of action. State ex rel. Gyurcsik,50 Ohio St.2d at 347. "Justice adhors [sic] the loss of causes of action by pure technicalities." Bell v. Coen (1975), 48 Ohio App.2d 325, 327.
 {¶ 11} "Generally, a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6), * * *, only after the parties are given notice of the court's intention to dismiss and an opportunity to respond." State ex rel. Edwards v. Toledo CitySchool Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106, 108, citingMayrides v. Franklin Cty. Prosecutor's Office (1991),71 Ohio App.3d 381, 3838-4. The court guarantees a plaintiff due process in this instance because a dismissal on the merits of a case is a severe remedy. Cooke v. United Dairy Farmers, Inc., 10th Dist. No. 05AP-1307, 2006-Ohio-4365, at ¶ 25, quoting Ohio FurnitureCo. v. Mindala (1986), 22 Ohio St.3d 99, 101. The only instances of when a sua sponte dismissal of complaint without notice is appropriate is when the complaint is frivolous or the plaintiff cannot succeed on the facts stated in the complaint. State exrel. Peeples v. Anderson (1995), 73 Ohio St.3d 559, 560.
 {¶ 12} In the instant case, the trial court sua sponte dismissed Appellant and the entire case in the October 15, 2004 Order due to a technical oversight. Appellant does not dispute that these dismissals were in error and judgment was only proper for State Farm. State Farm filed the Civ.R. 12(B)(6) motion to dismiss and the subsequent motion for reconsideration solely on its behalf. The record clearly demonstrates that Appellant was not a movant in either of these motions. Nor did the trial court give notice to Appellee that it would dismiss Appellant. SeeState ex rel. Edwards, 72 Ohio St.3d at 108, citing Mayrides,71 Ohio App.3d at 383-84.
 {¶ 13} Further, Appellant concedes that "the Complaint did state a claim against [him]." Also, the trial court's October 13, 2005 Order granting Appellee's motion for relief points out and describes Appellee's meritorious claim against Appellant. Accordingly, the trial court's sua sponte dismissal of Appellant was improper. See State ex rel. Peeples, 73 Ohio St.3d at 560.
 {¶ 14} The trial court's October 13, 2005 Order also recognized its error in sua sponte dismissing Appellant and the injustice imposed upon Appellee. The record shows that the procedural history of the underlying action contained errors resulting in an injustice to Appellee, thus creating an extraordinary situation. By sua sponte dismissing Appellant, the trial court incorrectly stripped Appellee of his right to pursue this cause of action. In this extraordinary situation, the interest of justice warrants the application of Civ.R. 60(B)(5).Adomeit, 39 Ohio App.2d at 105. The dismissal of Appellant was due to a technical error, and not related to the merits of Appellee's claim. See, also, State ex rel. Gyurcsik, supra;Bell, supra. Accordingly, the trial court did not abuse its discretion in finding that there were substantial grounds under Civ.R. 60(B)(5) to warrant relief from the October 15, 2004 Order. Appellant's arguments with regard to the second prong of the GTE Automatic test are overruled.
2. Reasonable Time
 {¶ 15} The requirement of timely filing a motion for relief ensures finality in all cases. S. Ohio Coal Co. v. Kidney
(1995), 100 Ohio App.3d 661, 670. Civ.R. 60(B) sets forth a two-part standard for the timely filing of a motion for relief from judgment: "within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment." Accordingly, a motion for relief based upon Civ.R. 60(B)(5) "is not necessarily limited to one year from the date of judgment, * * * but it must be brought `within a reasonable time.'" Falk v.Wachs (1996), 116 Ohio App.3d 716, 720. However, in determining reasonableness
"the trial court * * * is in a far better position to weigh all the facts and circumstances, including the knowledge and opportunities available to [the moving party] and the prejudice, if any, to [the nonmoving party] that would result from vacating the final order in his favor." Gursky v. Gursky, 9th Dist. No. 2003-P-0010, 2003-Ohio-5697, at ¶ 29, quoting Whitt v. Bennett
(1992), 82 Ohio App.3d 792, 798.
 {¶ 16} Other factors, besides the length of time it took the movant to file a Civ.R. 60(B) motion should be considered in determining reasonableness of time. Taylor,91 Ohio App.3d at 852. Such factors include "the burden on the nonmoving party of asserting its claim [or defense] after relief has been granted" and "the movant's degree of fault in not bringing the motion sooner." Id.
 {¶ 17} Appellant argues that a finding of prejudice against the nonmoving party "is not a determin[ative] factor in granting relief under Civ.R. 60(B)" and the trial court "was simply trying to do everything it could to establish * * * timeliness" for Appellee. Contrary to Appellant's position, in determining timeliness of a Civ.R. 60(B) motion, a trial court may consider the prejudice to the nonmoving party in presenting his defense if the case is reinstated. See Taylor, 91 Ohio App.3d at 852;Gursky at ¶ 29. Accordingly, the trial court did not abuse its discretion when it considered the effect upon Appellant of reinstating the case.
 {¶ 18} It is the movant's burden of proof to present factual material that on its face establishes the timeliness or justifies delays in filing the motion to vacate. Haley v. Haley, 9th Dist. No. 20720, 2002-Ohio-1976, at *2-3. In order to sustain this burden, "good legal practice dictates that the movant * * * present allegations of operative facts to demonstrate that he is filing his motion within a reasonable period of time." Adomeit,39 Ohio App.2d at 103. However, "[i]n the absence of any explanation for the delay in filing the Civ.R. 60(B) motion, the movant has failed to meet his burden of establishing the timeliness of his motion" and the motion to vacate should be denied. Youssefi v. Youssefi (1991), 81 Ohio App.3d 49, 53, citing Old Phoenix Natl. Bank v. Sandler (1984),14 Ohio App.3d 12, 14. See Flores v. Beneficial Mtge. Co. of Ohio, 9th Dist. No. 05CA008692, 2006-Ohio-393, at ¶ 15.
 {¶ 19} Appellee's motion for relief from judgment and the attached affidavit explain that he did not learn of the problem with the October 15, 2004 Order until he met with an attorney on September 15, 2005. Upon discovering the trial court's error, Appellee brought it to the trial court's attention and filed his Civ.R. 60(B) motion. Appellee clearly provided the trial court with an explanation as to why his Civ.R. 60(B) motion was filed almost one year later.
 {¶ 20} Appellee also stated that he relied upon the trial court's February 14, 2005 Nunc Pro Tunc Order converting the dismissal to without prejudice. The October 15, 2004 Order dismissing the case was silent as to whether the dismissal was with or without prejudice, thus it is presumed to be with prejudice. Civ.R. 41(B)(3); Parker v. Giant Eagle, Inc., 7th Dist. No. 01CA174, 2002-Ohio-5212, at ¶ 37. Four months later, the trial court amended the October 15, 2004 Order with a nunc pro tunc order indicating the dismissal was without prejudice. However, a trial court lacks jurisdiction to modify an order dismissing a case with prejudice to without prejudice by way of a nunc pro tunc order. Myers v. Shaker Hts. (June 7, 1990), 8th Dist. Nos. 57005, 58056, at *3, citing Pelunis v. G.M.M.
(1982), 8 Ohio App. 3d 194, 195. Accordingly, the nunc pro tunc entry was void and Appellee was not able to rely upon it. Myers
at *3; Waite v. Ellis (1898), 8 Ohio Dec. 51, *5. See, also,Thomas v. Fick (June 7, 2000), 9th Dist. No. 19595, at *2. While Appellee was not permitted to rely on the void nunc pro tunc order, his reliance was not detrimental to the reasonable time element under GTE Automatic. As discussed above, Appellee provided the trial court with other viable reasons for the delay in filing his Civ.R. 60(B) motion.
 {¶ 21} We agree with Appellant's position that Appellee, acting as a pro se litigant, must be held to same standards as an attorney. Jones Concrete, Inc. v. Thomas (Dec. 22, 1999), 9th Dist. No. 2957-M, at *2. However, we do not agree that Appellee was given preferential treatment for being pro se or that his pro se status was dispositive of the reasonable time component. The trial court was in the "better position to weigh all the facts and circumstances, including the knowledge and opportunities available to [Appellee]" in deciding if the Civ.R. 60(B) motion was timely. Gursky at ¶ 29, quoting Whitt,82 Ohio App.3d at 798.
 {¶ 22} Based upon the foregoing, we cannot find that the trial court abused its discretion in finding that Appellee's motion for relief was brought within a reasonable time. Appellant's assignment of error is overruled.
 III. {¶ 23} Appellant's assignment of error is overruled. The judgment of Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Whitmore, P.J., Moore, J., Concur.