[Cite as *Countrywide Home Loans Servicing, L.P. v. Ferguson*, 2011-Ohio-3565.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

COUNTRYWIDE HOME LOANS
SERVICING, L.P.

    Appellee

    v.

JULIANNE FERGUSON, et al.

    Appellant

C.A. No.     25510

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2009-02-1655

DECISION AND JOURNAL ENTRY

Dated: July 20, 2011

DICKINSON, Judge.

## INTRODUCTION

{¶1}    Countrywide Home Loans Servicing foreclosed on Julianne Ferguson's property. After being served in the action, Ms. Ferguson did not file an appearance or a responsive pleading. The trial court entered a default judgment in favor of Countrywide. Nearly a year after the default judgment entry and a month after the sheriff's sale, Ms. Ferguson filed a motion for relief from judgment, which the trial court denied. We affirm the trial court's denial of the motion because Ms. Ferguson did not state grounds upon which relief could be granted.

## BACKGROUND

{¶2}    Ms. Ferguson defaulted on her mortgage in August 2008. Countrywide began foreclosure proceedings in late February 2009 after being assigned the mortgage earlier that month. Despite receiving service, Ms. Ferguson did not file a responsive pleading or appear in

the proceedings. Countrywide moved for default judgment against Ms. Ferguson, and the trial court granted the motion in June 2009.

{¶3}   Beginning in January 2009, Ms. Ferguson had been attempting to cure the default on her loan. After Countrywide began the foreclosure proceedings, she sent multiple certified checks to it in an attempt to become current. Even after the trial court entered default judgment against her, she continued to try to pay the amount due under the original schedule of the loan.

{¶4}   In early March 2010, the property was sold in a sheriff's sale. The trial court issued an order confirming the sale at the end of April 2010. Nearly a month later, Ms. Ferguson moved for relief from "the final judgment entered . . . on April 26, 2010[.]" In support, she argued that she had made a good faith effort to become current on her mortgage, but that Countrywide had repeatedly refused her tendered payments and "thwarted" her efforts. According to Ms. Ferguson, she was entitled to relief because her actions demonstrated that her failure to appear in the case constituted excusable neglect.

{¶5}   The trial court denied Ms. Ferguson's motion, finding that she had failed to demonstrate that it was timely. It also concluded that she had failed to properly set forth a meritorious defense and that the issues she raised could have been raised in a timely appeal.

MOTION FOR RELIEF

{¶6}   Ms. Ferguson's sole assignment of error is that the trial court incorrectly denied her motion for relief from judgment. Under Rule 60(B) of the Ohio Rules of Civil Procedure, the trial court "may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged . . . ; or (5) any other reason justifying relief from the judgment."

"The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment . . . was entered or taken." Civ. R. 60(B). Interpreting Civil Rule 60(B), the Ohio Supreme Court has held that, "[t]o prevail on a motion brought under [the rule], the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time . . . ." *GTE Automatic Elec. Inc. v. ARC Indus. Inc.*, 47 Ohio St. 2d 146, paragraph two of the syllabus (1976).

{¶7}   Ms. Ferguson has argued that, because she filed her Rule 60(B) motion within 30 days of the trial court's order confirming the sheriff's sale, "[t]here should be no question regarding the timeliness of [her] motion." This statement echoes her memorandum in support of her motion for relief from judgment, in which she asserted that "the motion has been filed in a timely manner which is within one month of final judgment."

{¶8}   In order to prevail on her Rule 60(B) motion for relief from judgment, Ms. Ferguson had to demonstrate that she filed her motion within a reasonable time after the judgment from which she sought relief. While she filed her motion approximately a month after the order confirming the sheriff's sale, the judgment to which it was addressed was the foreclosure judgment, which the court had entered nearly a year earlier.

{¶9}   The foreclosure judgment and the order confirming the sheriff's sale were separately appealable. *Emerson Tool L.L.C. v. Emerson Family Ltd. P'ship*, 9th Dist. No. 24673, 2009-Ohio-6617, at ¶13. Accordingly, a motion for relief from the foreclosure judgment is not timely merely because it is filed within a month of the order confirming the sheriff's sale. Although, Ms. Ferguson asserted in her motion that she sought relief from the order confirming

the sheriff's sale, the trial court did not treat it as such, recognizing that she did not challenge any part of the order confirming the sale. Instead, the trial court treated it as a motion seeking relief from the foreclosure judgment entry. Ms. Ferguson has not challenged the trial court's interpretation of her motion, implicitly acknowledging that she sought relief from the foreclosure judgment.

{¶10} Accordingly, she filed her motion for relief nearly a year after the judgment from which she sought relief. While Rule 60(B) prohibits the granting of a motion for relief from judgment on the basis of excusable neglect when it is filed more than a year after the judgment, this does not mean that any motion filed within a year has been filed within a reasonable time. *Waldman Fin. v. Digital Color Imaging Inc.*, 9th Dist. No. 23101, 2006-Ohio-4077, at ¶10. "[A] motion may be filed within 1 year under Civil Rule 60(B) but still may not be considered within a 'reasonable time.'" *Id.* (quoting *Adomeit v. Baltimore*, 39 Ohio App. 2d 97, 106 (1974)). Not only did Ms. Ferguson file her motion nearly a year after the foreclosure judgment, she did so two months after the sheriff's sale and a month after the order confirming that sale. Further, according to Ms. Ferguson's brief, her last attempt to become current on the loan was in July 2009, nearly ten months before she moved for relief from judgment. She has not made any attempt to explain why her motion for relief from judgment should be considered timely when, according to her, she took no action for approximately ten months.

{¶11} Ms. Ferguson did not establish that she filed her motion for relief from judgment within a reasonable time. She failed to establish the timeliness of her motion, and the trial court properly denied it. *Waldman Fin. v. Digital Color Imaging Inc.*, 9th Dist. No. 23101, 2006-Ohio-4077, at ¶19 (citing *Rose Chevrolet Inc. v. Adams*, 36 Ohio St. 3d 17, 20 (1988)). Because she has failed to meet the first prong of the test required to be entitled to relief from judgment,

we do not need to address her arguments concerning a meritorious defense and excusable neglect. Her sole assignment of error is overruled.

## CONCLUSION

**{¶12}** Ms. Ferguson filed her motion for relief from judgment nearly a year after the foreclosure judgment to which it was addressed and after the intervening sheriff's sale and order confirming that sale. Accordingly, her motion was not timely, and the trial court did not err by denying it. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

MOORE, J.
<u>CONCURS IN JUDGMENT ONLY</u>

BELFANCE, P.J.
<u>CONCURS IN JUDGMENT ONLY, SAYING:</u>

{¶13} I concur in the judgment, as I agree that the trial court did not err in denying Ms. Ferguson's motion for relief from judgment. However, while the trial court and this Court considered whether Ms. Ferguson was entitled to relief from the judgment of foreclosure, she specifically sought Civ.R. 60(B) relief from the order confirming the sale. Thus, I would analyze her arguments with respect to that order. Because I believe that Ms. Ferguson failed to establish that she was entitled to relief from the order confirming the sale, I concur in the judgment of the majority.

<u>APPEARANCES:</u>

ARTHUR AXNER, Attorney at Law, for Appellant.

REBECCA N. ALGENIO and SALLIE A. CONYERS, Attorneys at Law, for Appellee.